UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

CASE NO: 1:20-mc-00040-LJV

ANTONIO CABALLERO,

     Plaintiff,

vs.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, a/k/a FARC-EP a/k/a
REVOLUTIONARY ARMED FORCES OF
COLOMBIA; and THE NORTE DE VALLE
CARTEL,

     Defendants.

_____/

**MOTION AND MEMORANDUM OF
LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF TRIA
TURNOVER JUDGMENT**

Plaintiff Antonio Caballero ("Caballero"), by and through undersigned counsel, hereby moves this Court to enter a TRIA Turnover Judgment and submits this Memorandum of Law in Support of Plaintiff's Motion for Entry of TRIA Turnover Judgment.

## A. Brief Factual and Procedural Background

This Court is already familiar with this matter and has entered a substantive Decision and Order dated December 18, 2020 [D.E. 15]. Thus, Caballero merely outlines, herein, the facts and law applicable to this Motion for TRIA Turnover Judgment. Caballero is a judgment creditor of the Fuerzas Armadas Revolucionaries de Colombia ("FARC"). *See* D.E. 15 at 1. On May 20, 2020, Caballero obtained a judgment from the United States District Court of the Southern District of Florida against the FARC and the Norte de Valle Cartel (the "Final Judgment"). *Id*. at 2. Caballero's Final Judgment awarded him damages under the Anti-Terrorism Act ("ATA"), 18 U.S.C. §2333. *Id.* In this post-judgment proceeding, Caballero seeks to satisfy, in part, his ATA

award of compensatory damages from assets held in Buffalo, New York by M&T Bank in the name of, or for the benefit of, Petroleos de Venezuela, S.A. (hereinafter "PdVSA").

Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), codified at 28 U.S.C. § 1610 note, provides, in part, that victims of terrorism such as Caballero are permitted to satisfy their compensatory damages awards from the blocked assets of any agency or instrumentality of the terrorist party defendant.  As this Court noted in its Decision and Order:

> "[B]y its terms[,] § 201 provides that the blocked assets that may be [attached and] executed upon are those of either the 'terrorist party' or 'any agency or instrumentality of that terrorist party,' even though the judgment itself need be only against the terrorist party."
> Weininger v. Castro, 462 F. Supp. 2d 457, 479 (S.D.N.Y. 2006).

D.E. 15 at 3.

In response to a subpoena served upon M&T Bank, Caballero learned that M&T Bank was holding funds blocked under the directive of the Office of Foreign Assets Control ("OFAC") in the putative name of, or the benefit of, PdVSA.  *See* Exhibit 6 hereto.  Caballero filed a motion for this Court to determine that PdVSA was an agent and instrumentality of the FARC so that he could pursue collection of its assets held at M&T Bank.  D.E. 10.   On December 18, 2020, this Court granted Caballero's motion [D.E. 15] and the Clerk of the Court issued the Writ of Execution to M&T Bank for assets in the name of PdVSA or in the putative name of, or for the benefit of, PdVSA.

On December 22, 2020, a special process server approved by the Court [D.E. 17] personally served M&T Bank with: (i) the Writ of Execution.  *See* Affidavit of Service attached hereto as Exhibit 1.   In compliance with CPLR §5232(c), per his Affidavits of Service by Mail, on December 23, 2020 the special process server mailed the Writ of Execution and Notice to Debtor set forth in §5222(e) to the Judgment Debtors/Defendants and PdVSA.  *See* Exhibits 2, 3,

and 4 hereto.   Twenty days have elapsed from the mailing of notice to the Judgment

Debtors/Defendants and PdVSA.  Neither Judgment Debtors/Defendants or PdVSA have appeared

in this action or contacted undersigned counsel regarding the Writ of Execution.  *See* Declaration

of Leon N. Patricios at ¶¶ 4-6, attached hereto as Exhibit 7.

M&T Bank has answered the Writ of Execution.  *See* Exhibit 5 hereto.  In its answer to the

Writ of Execution attaching accounts in the putative name of or for the benefit of PdVSA, M&T

Bank acknowledges that it is currently holding $7,253,050.01 in two blocked accounts (the

"Blocked Funds") and does not raise any objections to complying with the Writ of Execution.

## B.  Entry of the TRIA Turnover Judgment is Appropriate

As this Court explained in its Decision and Order dated December 18, 2020, TRIA

authorizes a terror victim to attach and execute upon assets blocked by OFAC in order to satisfy

an ATA judgment if the following elements are met:  (1) the judgment is against a terrorist party

and is based on an act of terror; (2) he seeks to attach blocked assets within the meaning of TRIA;

(3) he seeks execution to the extent of any compensatory damages; and (4) the target agent or

instrumentality is found to be an agent or instrumentality of the terrorist party.  *See*. D.E. 15 at 3.

In its Decision and Order dated December 18, 2020, this Court has already found that

Caballero has met all of the elements required to obtain a TRIA Turnover Judgment.  Specifically,

the Court found that: (1) Caballero has a judgment against a terrorist party, FARC, for a claim

based on an act of terrorism.  *See* D.E. 15 at pp. 7-8; (2) Caballero seeks turnover of blocked assets

within the meaning of TRIA.  *Id*. at pp. 9-10; (3) Caballero seeks turnover only to the extent of

any compensatory damages.[1]  *Id.* at 10; and (4) PdVSA is an agent or instrumentality of the FARC. *Id.* at 5-7, 10.

Furthermore, the Court authorized the issuance of the Writ of Execution that was served upon M&T Bank.   In its answer to the Writ of Execution attaching accounts in the putative name of, or for the benefit, of PdVSA,  M&T did not raise any objections to the Writ of Execution or the process, but instead admitted that it possesses the Blocked Funds.  It is uncontroverted that Caballero, through his special process server, has complied with the applicable provisions of New York law, including CPLR §5232.  In compliance with CPLR §5232(c), the special process server notified the Judgment Debtors/Defendants and PdVSA of the writ of execution.  To date, neither Judgment Debtors/Defendants or PdVSA have made any appearance in this action or contacted undersigned counsel regarding the Writ of Execution.

It is black letter law that terrorism victims collecting under TRIA do ***not*** need an OFAC license in order to obtain turnover of assets blocked by OFAC under its various sanctions programs.  *Harrison v. Republic of Sudan,* 855 F.3d 399, 408-09 (2nd Cir. 2015)("Once a district court determines that blocked assets are subject to the TRIA, those funds may be distributed without a license from OFAC."); *Weininger v. Castro*, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006). Thus, this Court's entry of the TRIA Turnover Judgment is sufficient authority for the turnover of the Blocked Assets to Caballero.

---

[1]     Caballero's competitor cases have attached and are seeking turnover of blocked assets to the full extent of their trebled damages, and it would be unfair not to allow Caballero to do the same. There is currently an appeal regarding whether the entire amount of an ATA treble damage award is all compensatory damages or whether only the non-trebled base portion of such award is recoverable under TRIA. *See Caballero v. Stansell et al.*, Case No. 20-13102 (11th Cir.),  Because M&T's turnover of the Blocked Funds will not cause Caballero to have collected more than his base portion of his ATA award from blocked funds, the issue is not relevant to the turnover judgment sought from this Court.

## C.  Conclusion

TRIA is a terrorism victim recovery maximation statute that was passed so that terrorism victims were no longer holding worthless "paper judgments."  According to the legislative history, "[t]he purpose of Section 201 is to deal comprehensively with the problem of enforcement of judgments rendered on behalf of victims of terrorism in any court of competent jurisdiction by enabling them to satisfy such judgments through the attachment of blocked assets of terrorist parties.  It is the intent of the Conferees that Section 201 establish that such judgments *are to be enforced.*"   H.R. Rep. No. 107-779, at 27 (2002) (emphasis added).    It is time to enforce Caballero's judgment against Blocked Assets in this jurisdiction of an agency or instrumentality of the FARC.  Caballero respectfully requests that this Court enter the proposed judgment attached hereto as Exhibit 8.

DATED:  January 13, 2021.

Respectfully submitted,

*/s/ Leon N. Patricios*
Joseph I. Zumpano (Florida Bar Number: 0056091)
Admitted *Pro Hac Vice*
E-mail address: jzumpano@zplaw.com
Leon N. Patricios (Florida Bar Number: 0012777)
Admitted *Pro Hac Vice*
E-mail address: lpatricios@zplaw.com
ZUMPANO PATRICIOS, P.A.
312 Minorca Avenue
Coral Gables, FL 33134
Telephone: (305) 444-5565
Attorneys for Plaintiff Antonio Caballero


Mitchell G. Mandel
E-mail address: mmandell@zplaw.com
ZUMPANO, PATRICIOS & POPOK, PLLC
417 Fifth Avenue, Suite 826
Telephone: (212) 542-8125