UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTONIO CABALLERO,

    Plaintiff,

v.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLUMBIA, *et al.*,

    Defendants.

20-MC-0040-LJV
DECISION & ORDER

---

The plaintiff, Antonio Caballero, is a judgment creditor of the Fuerzas Armadas Revolucionarias de Columbia ("FARC"). To satisfy his judgment against FARC, Caballero has moved *ex parte* under section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") for post-judgment execution on the blocked assets of alleged agencies or instrumentalities of FARC.[1] Docket Item 22. In connection with that request, Caballero seeks a determination that (1) PDV Marina SA; (2) Aceites Y Solventes Venezolanos SA; (3) Petroanzoategui SA (also known as Petro San Felix SA); (4) Venfleet Asphalt Ltd.; (5) Venfleet Products Ltd.; (6) Venfleet Ltd.[2]; (7) Banco Central de

---

[1] The motion for a writ of execution and this decision and order are to remain sealed until the writ of execution is served upon the garnishee, Citibank N.A., FTN Buffalo Reporting Unit. *See* Docket Items 8, 9.

[2] The Court refers to entities one through six together as "the subsidiaries." The subsidiaries also are known as PDVSA; Petroleos de Venezuela S A; Petroleos de Venezuela, S.A.; and Refineria el Palito.

Venezuela[3] ("BCV"); and (8) Ministerio del Poder Popular del Economia Y Finanzas[4] ("Venezuela Ministry of Finance" or "Ministry") are agencies or instrumentalities of FARC. *Id.* For the reasons that follow, the motion is granted.[5]

## **LEGAL PRINCIPLES**

TRIA is a means through which terrorism victims can satisfy judgments for damages against terrorist defendants. TRIA § 201(a) provides:

> Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under [28 U.S.C. §1605(a)(7)], the blocked assets of that terrorist party (*including the blocked assets of any agency or instrumentality of that terrorist party*) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Terrorism Risk Insurance Act § 201(a), Pub. L. No. 107-297, 116 Stat. 2322 (2002) (codified at 28 U.S.C. § 1610 note) (emphasis added). "[B]y its terms[, section] 201 provides that the blocked assets that may be [attached and] executed upon are those of either the 'terrorist party' or 'any agency or instrumentality of that terrorist party,' even though the judgment itself need be only against the terrorist party." *Weininger v. Castro*, 462 F. Supp. 2d 457, 479 (S.D.N.Y. 2006).

---

[3] BCV also is known as the Central Bank of Venezuela.

[4] Ministerio del Poder Popular de Economia Y Finanzas also is known as Minesterio del Poder Popular de Eco.

[5] This Court assumes familiarity with the underlying facts, the procedural history, and this Court's prior order, Docket Item 15, and will refer only to the facts necessary to explain its decision.

Caballero therefore can satisfy his judgment against FARC through the attachment of and execution on blocked assets of FARC's agencies or instrumentalities if he can demonstrate that (1) he has a judgment against a terrorist party—here, FARC—for a claim based on an act of terrorism, (2) he seeks to attach blocked assets within the meaning of TRIA; (3) he seeks execution "only to the extent of any compensatory damages," *id.*; and (4) "the purported agenc[ies] or instrumentalit[ies]" are "actually [] agenc[ies] or instrumentalit[ies]" of a terrorist party, *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 723 (11th Cir. 2014).

## **DISCUSSION**

This Court previously found that "FARC is undoubtedly a terrorist party within the meaning of TRIA" and that Caballero's claim against FARC is a claim "based on an act of terrorism." *See* Docket Item 15 at 8-9 (citing TRIA § 201(a)). Moreover, Caballero seeks to attach $36,803,581.50, *see* Docket Item 32, which is less than his $46,729,667 compensatory damages award,[6] *see* TRIA § 201(a). The remaining issues therefore are whether the entities whose funds Caballero seeks to attach are agencies or instrumentalities of FARC and whether their assets are blocked and subject to execution under the TRIA. This Court concludes that they are.

---

[6] Caballero was awarded $45,000,000 in actual compensatory non-economic damages; $1,729,667 in actual compensatory economic damages; and post-judgment interest at 0.15% per annum. Docket Item 10-2 at 15.

I.   **THE SUBSIDIARIES**

   A.  **AGENCY OR INSTRUMENTALITY**

Caballero first seeks a determination that the subsidiaries—PDV Marina SA; Aceites Y Solventes Venezolanos SA; Petroanzoategui SA; Venfleet Asphalt Ltd.; Venfleet Products Ltd.; and Venfleet Ltd.—are agencies or instrumentalities of FARC. As explained in this Court's prior order, Docket Item 15, an "agency or instrumentality" for purposes of the TRIA means any person or entity who "(1) was a means through which a material function of the terrorist party is accomplished, (2) provided material services to, on behalf of, or in support of the terrorist party, *or* (3) was owned, controlled, or directed by the terrorist party," see *Kirschenbaum v. 650 Fifth Avenue and Related Properties*, 830 F.3d 107, 135 (2d Cir. 2016), *abrogated on other grounds by Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816 (2018) (emphasis in original). Because of the "clandestine" nature of terrorist parties and their agents, an agency-or-instrumentality relationship can be found even if the agency or instrumentality "had not previously been directly linked to" the terrorist party and even if the evidence linking the agency or instrumentality to the terrorist party is "indirect." *See Stansell*, 771 F.3d at 732, 739, 742 ("[T]errorist organizations such as FARC operate in the shadows out of necessity. For example, a corporation organized under Florida law will almost certainly not list FARC as a shareholder of record. Instead, it will operate through layers of affiliated individuals and front companies.").

The sworn declaration of John Robert McBrian, former associate director for global targeting in the Office of Foreign Assets Control ("OFAC") within the United States Department of Treasury ("McBrian declaration"), opines that PDVSA "owns, directly or indirectly, 50 percent or more" of each of the subsidiaries. Docket Item 10-4

at 7. He bases this conclusion on his review of "information obtained from a bank who has blocked accounts in the names of such entities on the grounds that its records show for each entity that 'This entity is majority owned (50% or more) by [PDVSA]' . . . [and] materials from [PDVSA's] website or from the website of a government agency." *Id.*

If PDVSA is an agency or instrumentality of FARC—which this Court has already determined it is, *see* Docket Item 15—it follows that its majority-owned subsidiaries are as well. *See Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, 2015 WL 13325432, at *3 (M.D. Fla. Feb. 17, 2015) (finding Hezbollah as well as "its individual members, divisions, front companies and networks, predecessor, subordinates, derivatives, and/or successor organizations are all agencies or instrumentalities of the FARC"). This interpretation is consistent with the Department of Treasury's guidance, dated August 13, 2014, that once an individual's or entity's assets are blocked, and thus attachable under TRIA § 201(a), "any entity owned in the aggregate, directly or indirectly, 50 percent or more by one or more blocked persons is itself considered to be a blocked person." DEPARTMENT OF THE TREASURY, REVISED GUIDANCE ON ENTITIES OWNED BY PERSONS WHOSE PROPERTY AND INTERESTS IN PROPERTY ARE BLOCKED (Aug. 13, 2014). And, as this Court previously found, Caballero has proffered credible evidence that PDVSA's subsidiaries are instrumental to its money laundering operation and that PDVSA's money laundering operation is in turn instrumental to the FARC's drug trafficking. *See* Docket Item 10-4 at 317-18. Because Caballero also has established that FARC is a terrorist party, *see* Docket Item 15, he has adequately demonstrated that the subsidiaries—PDV Marina S.A.; Aceites Y Solventes Venezolanos S.A.; Petroanzoategui SA; Venfleet Asphalt Ltd.; Venfleet Products Ltd.;

and Venfleet Ltd.—are "agenc[ies] or instrumentalit[ies] of [a] terrorist party" as well, *see* TRIA § 201(a).

### B. BLOCKED ASSETS

This Court previously found that PDVSA's assets are blocked assets subject to attachment and execution under TRIA. Docket Item 15 at 9-10. "[A]ny entity owned in the aggregate, directly or indirectly, 50 percent or more by one or more blocked persons is itself considered to be a blocked person." DEPARTMENT OF THE TREASURY, REVISED GUIDANCE. Because PDVSA is a blocked entity that owns, directly or indirectly, 50 percent or more of the subsidiaries, *see supra*, the subsidiaries are blocked entities and their assets are subject to attachment and execution under the TRIA.

## II. BANCO CENTRAL DE VENEZUELA

### A. AGENCY OR INSTRUMENTALITY

Caballero also seeks a determination that BCV is an agency or instrumentality of FARC. The McBrian declaration opines that BCV is an agency or instrumentality of FARC because BCV "plays a critical role . . . in perpetuating the illicit gold program run by the [Nicolás] Maduro regime and [] FARC." Docket Item 10-4 at 17. More specifically, "[m]iners extract gold from the Arco Minero in eastern Venezuela under the supervision of Columbian guerilla groups [Ejercito de Liberacion National] and FARC," which is then "purchased by Venezuela's state-owned gold company." *Id.* at 15. "Once processed," the gold is transported to BCV "who prepares it for international shipment." *Id.* "BCV's role [also is] a 'hedge bet' or 'offset' to the narcotrafficking efforts of [] FARC and the Cartel of the Suns." *Id.* at 16. "[B]y participating in the international shipment and sale of illicitly mined gold and by providing the 'hedge' or 'offset' against narco-

trafficking losses incurred due to US anti-narcotics operations, the activities of [] BCV have materially assisted in, and provided financial or technical support . . . to, or provid[ed] goods or services in support of . . . FARC." *Id.* at 17. Because BCV "provide[s] material services to, on behalf of, or in support of" FARC, *see Kirschenbaum*, 830 F.3d at 1305, BCV is an agency or instrumentality of FARC.

### B. BLOCKED ASSETS

"Assets blocked under authority of the International Emergency Economic Powers Act ('IEEPA') fall within the TRIA definition of 'blocked assets' and are subject to execution under TRIA." *Stansell,* 2015 WL 13325432, at *1; *see also* TRIA § 201(d)(2)(A). OFAC has the power to designate assets as "blocked" under the IEEPA. *See* Exec. Order No. 13224, 3 C.F.R. 13224 (2001); 31 C.F.R. 31 CFR § 594.802.

Under the IEEPA, on November 1, 2018, the president issued Executive Order 13850 blocking "any person determined by the Secretary of the Treasury, in consultation with the Secretary of State[,] . . . to operate in the gold sector of the Venezuelan economy or in any other sector of the Venezuelan economy as may be determined by the Secretary of the Treasury, in consultation with the Secretary of State." Exec. Order No. 13850, 83 F.R. 55243 (2018). OFAC designated BCV a Specially Designated National ("SDN"), Docket Item 10-4 at 14, and on April 17, 2019, under Executive Order 13850, blocked "all property and interests in property of [BCV] . . . in the United States," Press Release, Treasury Sanctions Central Bank of Venezuela and Director of the Central Bank of Venezuela, U.S. Department of the Treasury (Apr. 17, 2019), https://home.treasury.gov/news/press-releases/sm661. BCV's assets therefore are blocked and subject to attachment and execution under TRIA.

## III. VENEZUELA MINISTRY OF FINANCE

### A. AGENCY OR INSTRUMENTALITY

Caballero also seeks a determination that the Venezuela Ministry of Finance is an agency or instrumentality of FARC. The McBrian declaration opines that Simon Alejandro Zerpa Delgado ("Zerpa"), the Minister of Economy of Finance, is an agency or instrumentality of FARC due to his involvement in and support of the gold mining program referenced above. Docket Item 10-4 at 14, 17. McBrian explains how the Ministry is "under direct control of Maduro[, the president of Venezuela,] through Zerpa." *Id.* at 17. And under Zerpa, the Ministry "serves to support the Maduro regime's grip on power which enables the Cartel of the Suns headed by Maduro to move FARC cocaine to the United States and other nations." *Id.* Accordingly, the Ministry "materially assists and provides financial and technical support for the international narcotics trafficking activities of [] FARC." *Id.* By assisting FARC's drug trafficking, the Ministry is "a means through which a material function of the [FARC] is accomplished," and "provide[s] material services to . . . or in support of [FARC]." *See Kirschenbaum*, 830 F.3d at 135. The Ministry therefore is an agency or instrumentality of FARC.

### B. BLOCKED ASSETS

Under the IEEPA, on January 1, 2016, the president issued Executive Order 13692, which blocked the assets of Maduro and Zerpa in the United States. Exec. Order No. 13692, 82 F.R. 37290 (2017). That executive order also blocked assets "owned or controlled by, or to have acted or purported to act for or on behalf of, directly or indirectly, any person whose property and interests in property are blocked pursuant to this order." *Id.* And in July 2017, under Executive Order 13692, OFAC designated

and blocked the assets of Maduro and Zerpa. Press Release, Treasury Sanctions 13 Current and Former Senior Officials of the Government of Venezuela, U.S. Department of the Treasury (Jul. 26, 2017), https://www.treasury.gov/press-center/press-releases/Pages/sm0132.aspx (designating Zerpa); Press Release, Treasury Sanctions the President of Venezuela, U.S. Department of the Treasury (Jul. 31, 2017), https://www.treasury.gov/press-center/press-releases/pages/sm0137.aspx (designating Maduro).

As noted above, the McBrian declaration explained how the Ministry is "under the direct control of Maduro through Zerpa," and how it "serves to support the Maduro regime's grip on power[,] which [in turn] enables the Cartel of the Suns headed by Maduro to move FARC cocaine to the United States and other nations." Docket Item 10-4 at 17. According to McBrian, "[t]he activities of [the Ministry] are intrinsically tied to Zerpa's role in perpetuating the illicit activities of the Cartel of the Suns and [the] Maduro regime, and cannot be divorced from the control of Maduro and Zerpa." *Id.* Because the Ministry is controlled by Maduro and Zerpa, and "act[s] or purport[s] to act for or on behalf of, directly or indirectly," Maduro and Zerpa, the Ministry's assets are blocked and subject to attachment and execution under TRIA. *See* Exec. Order No. 13692.

## **ORDER**

In light of the above, the Court finds that (1) PDV Marina SA; Aceites Y Solventes Venezolanos SA; Petroanzoategui SA; Venleet Asphalt Ltd.; Venfleet Products Ltd.; Venfleet Ltd.; Banco Central de Venezuela; and Ministerio del Poder Popular del

Economia Y Finanzas are agencies or instrumentalities of FARC;[7] (2) Caballero has obtained a final judgment against a terrorist party, FARC, that is based on an act of international terrorism; (3) the assets of PDV Marina SA; Aceites Y Solventes Venezolanos SA; Petroanzoategui SA; Venleet Asphalt Ltd.; Venfleet Products Ltd.; Venfleet Ltd.; Banco Central de Venezuela; and Ministerio del Poder Popular del Economia Y Finanzas, which Caballero seeks to attach and on which he seeks to execute, are "blocked assets" within the meaning of the TRIA; and (4) Caballero seeks execution only to the extent of any compensatory damages. Therefore,

IT IS HEREBY ORDERED that Caballero's motion for post-judgment writ of execution on the blocked assets of PDV Marina SA; Aceites Y Solventes Venezolanos SA; Petroanzoategui SA; Venleet Asphalt Ltd.; Venfleet Products Ltd.; Venfleet Ltd.; Banco Central de Venezuela; and Ministerio del Poder Popular del Economia Y Finanzas, Docket Items 22, is granted; and it is further

---

[7] This Court finds that Caballero has presented credible evidence that the subsidiaries, BCV, and the Ministry are agencies or instrumentalities of FARC. Other courts have found the same. See Docket Item 31; Docket Item 22 at 9, 37-39.

Because "an agency or instrumentality determination carries drastic results—the attachment and execution of property—it undeniably implicates due process concerns." Stansell, 771 F.3d at 726. This Court agrees with the Eleventh Circuit's analysis in Stansell, however, that in TRIA cases "the [Mathews v. Eldridge, 424 U.S. 319, 333 (1979)] factors weigh in favor of immediate attachment." See Stansell, 771 F.3d at 729. While this Court finds that Caballero has presented credible evidence that the subsidiaries, BCV, and the Ministry are agencies or instrumentalities of FARC, before its assets are executed on, they are entitled to notice and an opportunity to be heard to rebut the allegations that they are agencies or instrumentalities of FARC. The subsidiaries, BCV, and the Ministry therefore have 21 days from the date of this order to rebut the findings that they are agencies or instrumentalities of FARC and that their assets are blocked and subject to execution under the TRIA.

ORDERED that Caballero serve this order on the defendants; PDV Marina SA; Aceites Y Solventes Venezolanos SA; Petroanzoategui SA; Venleet Asphalt Ltd.; Venfleet Products Ltd.; Venfleet Ltd.; Banco Central de Venezuela; and Ministerio del Poder Popular del Economia Y Finanzas; and it is further

ORDERED that PDV Marina SA; Aceites Y Solventes Venezolanos SA; Petroanzoategui SA; Venleet Asphalt Ltd.; Venfleet Products Ltd.; Venfleet Ltd.; Banco Central de Venezuela; and Ministerio del Poder Popular del Economia Y Finanzas shall have 21 days from the date of this order to rebut the findings that they are agencies or instrumentalities of FARC and that their assets are blocked and subject to execution under the TRIA; and it is further

ORDERED that the Clerk of the Court shall issue the writ of execution to attach the assets held by Citibank, N.A., FTN Buffalo Reporting Unit, in the putative name of, or for the benefit of, the agencies or instrumentalities of FARC named herein and in Exhibit 1 of the writ, for service and levy on the garnishees by the United States Marshal, in the amount of $36,803,581.50; and it is further

ORDERED that the Clerk of the Court is authorized and directed to issue such further writs in aid of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure, consistent with this order.

SO ORDERED.


Dated: January 29, 2021
       Buffalo, New York


                                    _____
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE