UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTONIO CABALLERO,

       Plaintiff,

  v.

FUERZAS ARMADAS REVOLUCIONARIAS DE COLUMBIA, et al.,

       Defendants.

20-MC-0040-LJV
TURNOVER JUDGMENT

---

The plaintiff, Antonio Caballero, is a judgment creditor of the Fuerzas Armadas Revolucionarias de Columbia ("FARC"). On December 18, 2020, this Court granted Caballero's motion for post-judgment execution on the blocked assets of Petroleos de Venezuela, S.A ("PDVSA"), held at M&T Bank Corporation ("M&T") in Buffalo, New York. Docket Item 15. Caballero now moves for a turnover judgment under section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"). Docket Item 23. For the following reasons, that motion is granted.[1]

Section 201(a) of the TRIA provides:

> Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under [28 U.S.C. §1605(a)(7)], the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the

---

[1] This Court assumes familiarity with the underlying facts, the procedural history, and this Court's prior decision, Docket Item 15, and will refer only to the facts necessary to explain its decision.

extent of any compensatory damages for which such terrorist party has been adjudged liable.

Terrorism Risk Insurance Act § 201(a), Pub. L. No. 107-297, 116 Stat. 2322 (2002) (codified at 28 U.S.C. § 1610 note). "Once a district court determines that blocked assets are subject to the TRIA, those funds may be distributed without a license from [the Office of Foreign Assets Control]." *Harrison v. Republic of Sudan*, 802 F.3d 399, 409 (2d Cir. 2015), *reversed on other grounds by* 139 S. Ct. 1048; *see also Weininger v. Castro*, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006).

This Court previously granted Caballero's motion for post-judgment execution on the blocked assets of PDVSA, and in doing so found that Caballero satisfied the requirements of TRIA § 201(a). *See* Docket Item 15. Specifically, this Court found that Caballero has established that "FARC is a terrorist party and that PVDSA is an agency or instrumentality of FARC,"[2] *id.* at 5; that Caballero "obtained a judgment against a terrorist party on a claim based upon an act of terrorism," *id.* at 8-9; and that "PDVSA's

---

[2] Because "an agency or instrumentality determination carries drastic results—the attachment and execution of property—it undeniably implicates due process concerns." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 726 (11th Cir. 2014). PDVSA therefore is entitled to notice and an opportunity to be heard to rebut the allegations that it is an agency or instrumentality of FARC. *See* Docket Item 15 at 5 n.3. PDVSA and the defendants received that notice through service of this Court's prior order, Docket Item 23-4 at 2-4, and through the "lev[ying] on their [] property after the order granting the writ of execution was entered," *Stansell v. Lopez Bello*, 802 F. App'x 445, 449 (11th Cir. 2020) (citing *Stansell*, 771 F.3d at 741).

The writ of execution was served on the garnishee on December 22, 2020, Docket Item 18-1 at 1, and mailed to PDVSA on December 23, 2020, Docket Item 23-4 at 2-3. To date, PDVSA has not appeared in this action or offered evidence to rebut Caballero's credible allegations that it is an agency or instrumentality of FARC. Caballero also has advised the Court that he "ha[s] not found [] to date a court [that] has required [him] serve a motion for turnover upon either the defendants or any applicable agent and instrumentality." Docket Item 29 at 2. The Court's prior finding that PDVSA is an agency or instrumentality of FARC, *see* Docket Item 15 at 5-6, therefore stands.

assets [] are blocked and subject to attachment and execution under the TRIA," *id.* at 10.  Moreover, Caballero was awarded $46,729,667 in compensatory damages, Docket Item 10-2 at 15, and now seeks execution and turnover of $7,253,050.01 held by M&T in two blocked bank accounts in the name of, or for the benefit of, PDVSA, Docket Item 23 at 3; Docket Item 23-5; Docket Item 34.[3]  He therefore seeks turnover only to the extent of any compensatory damages.  *See* TRIA § 201(a).

This Court also is satisfied that Caballero, through a specially appointed process server, has complied with CPLR § 5232 and has provided adequate notice of the writ of execution to PDVSA and the defendants.  *See* Docket Item 23 at 2-4; *see also* Docket Item 23-1 (affidavit of service); Docket Item 23-2 (same); Docket Item 23-3 (same); Docket Item 23-4 (same).  Neither the defendants nor PDVSA have appeared in this action or offered evidence to rebut Caballero's credible allegations that PDVSA is an agency or instrumentality of FARC or that its assets are blocked and subject to execution under the TRIA.  *See supra* note 2.

## ORDER

In light of the above, the Court finds that (1) PDVSA is an agency or instrumentality of FARC; (2) Caballero has established that he has obtained a final judgment against a terrorist party, FARC, that is based on an act of international terrorism; (3) PDVSA's assets, which Caballero seeks to execute, are "blocked assets"

---

[3] M&T has confirmed that it is holding these funds and has not objected to their turnover.  *See* Docket Item 23-5; Docket Item 34.

within the meaning of the TRIA; and (4) Caballero seeks execution only to the extent of any compensatory damages.  Therefore,

IT IS HEREBY ORDERED that Caballero's motion for a turnover judgment under the TRIA, Docket Item 23, is GRANTED; and it is further

ORDERED that Caballero recover from M&T the $7,253,050.01 in blocked funds held in the putative name of, or for the benefit of, PDVSA; and it is further

ORDERED that M&T shall pay, within five days of the date of this judgment, the sum of $7,253,050.01 via wire transfer to Zumpano Patricios, P.A., counsel of record for Caballero; and it is further

ORDERED that, upon counsel for Caballero's receipt of the $7,253,050.01 ordered to be paid hereunder, M&T shall be discharged from: any and all liability under the post-judgment writ of execution issued in this action, Docket Item 15; any and all liability to Caballero relating to assets held as of the date of service of the writ of execution in the putative name of, or for the benefit of, PDVSA; and any and all liability to persons and entities other than Caballero, including the defendants and PDVSA, for payment of the $7,253,050.01 to Caballero in partial satisfaction of his final judgment.

SO ORDERED.

Dated:  January 29, 2021
        Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE