IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO CABALLERO,<br><br>        Plaintiff,<br><br>    v.<br><br>FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA; and THE NORTE DE VALLE CARTEL,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 1:20-mc-00040-LJV<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION AND MEMORANDUM OF LAW OF
INTERVENOR-DEFENDANTS PETRÓLEOS DE VENEZUELA S.A. AND ITS
SUBSIDIARIES TO SUBSTITUTE COUNSEL AND FOR A STAY OF PROCEEDINGS**

Intervenor-Defendants Petróleos de Venezuela, S.A. ("PDVSA") and Aceites y Solventes Venezolanos Vassa S.A., PDV Marina S.A., Petroanzoategui S.A. (a/k/a Petro San Felix S.A.), Venfleet Asphalt, Ltd., Venfleet, Ltd., and Venfleet Products, Ltd. (the "PDVSA Subsidiaries"), hereby move the Court for an order pursuant to Local Rule 83.2(c) substituting the undersigned as counsel for PDVSA and the PDVSA Subsidiaries and removing attorneys Terrence P. Flynn of the law firm Harris Beach LLP and Marcos D. Jiménez of the law firm of Marcos D. Jiménez, P.A. as attorneys of record.

Substitution is necessary because current counsel are not authorized to represent PDVSA or the PDVSA Subsidiaries in this action. Rather, the Ad Hoc Board of Directors of PDVSA (the "Ad Hoc Board") — appointed by the Interim Government of the Bolivarian Republic of Venezuela headed by Interim President of Venezuela, Juan Gerardo Guaidó Márquez — has duly authorized White & Case LLP to represent the interests of PDVSA and the PDVSA Subsidiaries in this action. Because the United States (among many other

countries) recognizes Interim President Juan Guaidó and his Interim Government as the legitimate government of Venezuela, it follows that this Court should recognize the decision made by the Interim Government's duly appointed board of PDVSA to engage undersigned counsel.

PDVSA and the PDVSA Subsidiaries also move for a stay of all proceedings in this action until undersigned counsel are substituted and until the Interim Government transitions Venezuela to democratic rule. Staying this action until such point would allow the Interim Government the opportunity to restore stability in Venezuela, which would include normalizing the operations of Venezuela's state-owned enterprises, such as PDVSA and the PDVSA Subsidiaries.

By filing this Motion, PDVSA and the PDVSA Subsidiaries do not waive and expressly preserve any rights, privileges, immunities, and defenses, including but not limited to their right to challenge service of process and personal and subject-matter jurisdiction under applicable laws such as the Foreign Sovereign Immunities Act ("FSIA").

## **BACKGROUND**

As is well known, PDVSA is the wholly and directly owned national oil company of the Bolivarian Republic of Venezuela. PDVSA is therefore an "agency or instrumentality of a foreign state" within the meaning of the FSIA, 28 U.S.C. § 1603(b). *See Lubian v. Republic of Cuba*, 440 F. App'x 866, 867-68 (11th Cir. 2011) (observing that PDVSA is "an agency or instrumentality of Venezuela" and therefore a "foreign state" within the meaning of the FSIA); *Dresser-Rand Co. v. Petróleos De Venezuela, S.A.*, 2019 U.S. Dist. LEXIS 114704, at *1 n.1 (S.D.N.Y. July 3, 2019) (observing that "PDVSA is a wholly-owned instrumentality of Venezuela"); Declaration of Claire A. DeLelle in Support of the Motion to Substitute Counsel

and for a Stay of Proceedings ("DeLelle Decl.") ¶ 2.  The PDVSA Subsidiaries are wholly-owned subsidiaries of PDVSA.  *Id*.  For approximately the past two years, PDVSA has been operating under the authority of the Ad Hoc Board appointed under Venezuelan law by Interim President Guaidó.  *See* DeLelle Decl. ¶ 7.  Mr. Guaidó has held the Office of Interim President of Venezuela since January 2019.  *See id.*

In May 2018, Venezuela held presidential elections from which the government of then-president Nicolás Maduro banned opposition parties from participating.  *See* DeLelle Decl. ¶ 4.  Maduro claimed victory in these elections and purported to take office for a second term as president in January 2019.  *See id.*  On January 10, 2019, the National Assembly of Venezuela (the "National Assembly") declared Maduro's presidency illegitimate and on January 23, 2019 declared Mr. Guaidó, the President of the National Assembly, the Interim President of Venezuela pursuant to Article 233 of the Venezuelan Constitution.  *See id.* ¶ 5.  Then-president of the United States, Donald J. Trump, immediately recognized Interim President Guaidó and the National Assembly as the legitimate government of Venezuela (the "Interim Government") and withdrew U.S. recognition from the Maduro regime.  *See id.* ¶ 6.  President Biden has since reaffirmed that the United States recognizes the Interim Government as Venezuela's only legitimate government.  *See id.*

In order to facilitate the Interim Government's transition to democracy, on February 5, 2019, the National Assembly enacted the "Statute Governing the Transition to Democracy to Restore the Validity of the Constitution of the Bolivarian Republic of Venezuela" (the "Transition Statute").  *See* DeLelle Decl. ¶ 7.  Article 15.a. of the Transition Statute empowered Interim President Guaidó to appoint ad hoc administrative boards of directors to assume the management and administration of state-owned companies to protect their assets and interests as

Venezuela transitioned to democracy. *See id.* Given PDVSA's status as a wholly-owned Venezuelan state company, the Interim Government appointed the Ad Hoc Board to govern PDVSA. *See id.* The National Assembly amended the Transition Statute on December 26, 2020, carrying forward the provisions of Article 15 of the Transition Statute in Article 20 of the amended Transition Statute. *See id.*

On March 24, 2021, the Ad Hoc Board engaged undersigned counsel to appear in this and various other matters on behalf of PDVSA and PDVSA Subsidiaries. *See* DeLelle Decl. ¶ 9. In contrast, the current attorneys of record for PDVSA noticed their appearances in February 2021 without authorization from the Ad Hoc Board of PDVSA or any other duly appointed body or representative of the Interim Government. *See id.* ¶ 9.

## ARGUMENT

**I.  THE POLITICAL QUESTION AND ACT OF STATE DOCTRINES COMPEL SUBSTITUTION OF COUNSEL**

### A.  The Political Question Doctrine Compels This Court's Recognition of White & Case LLP as the Duly Authorized Counsel of PDVSA and the PDVSA Subsidiaries

Under the political question doctrine, the recognition of President Guaidó's Interim Government by the United States is binding on this Court and compels substitution of counsel in this case. Pursuant to this doctrine, "political recognition is exclusively a function of the Executive." *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 410 (1964); *see also Cheung v. United States*, 213 F.3d 82, 88-89 (2d Cir. 2000) ("[T]he authority to recognize a foreign government is constitutionally committed to the Executive Branch."). As such, the recognition by the Trump and Biden Administrations of Interim President Guaidó and the Interim Government constitute non-justiciable political determinations that are conclusive and binding on all courts. *See Guaranty Trust Co. v. United States*, 304 U.S. 126, 137-38 (1938) (holding

4

that recognition of a foreign government "is a political rather than a judicial question, and is to be determined by the political department of the government" and that any objections to such recognition "are to be addressed to it and not to the courts"); *see also Cheung*, 213 F.3d at 89 ("Federal courts lack the authority and institutional competence to make the political judgments involved in ascertaining the legitimacy of foreign systems.").

Also binding on the courts is the Executive Branch's withdrawal of recognition of the Maduro regime, which operates to bar representatives of Maduro's illegitimate government from appearing in U.S. court.  *See Guaranty Trust Co.*, 304 U.S. at 137 (observing that "the Soviet Government could not maintain a suit in [U.S.] courts before its recognition by the political department of the Government"); *Republic of Panama v. Citizens & S. Int'l Bank*, 682 F. Supp. 1544, 1546 (S.D. Fla. 1988) ("[A]n agent of an unrecognized government is not permitted access to United States courts."); *see also* Restatement (Third) of Foreign Relations Law of the U.S. § 205(2) ("[A] regime not recognized as the government of a state[] is ordinarily denied access to courts in the United States."); *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 860 F.2d 551, 553 (2d Cir. 1988) ("[A] state derecognizes a governmental regime when it recognizes another regime as the legitimate government of that state.").  Accordingly, only representatives appointed by President Guaidó's Interim Government have standing to appear before U.S. courts.  *See Pfizer v. Government of India*, 434 U.S. 308, 319-20 (1978) ("It has long been established that only governments recognized by the United States . . . are entitled to access to our courts[.]").

A number of courts have already given effect to the determinations by the U.S. Executive Branch that the Interim Government — and not the Maduro regime — is the legitimate government of Venezuela and that only representatives of the Interim Government,

including the Ad Hoc Board of PDVSA, may access U.S. courts. *See Jimenez v. Palacios*, No. 2019-0490, 2019 Del. Ch. LEXIS 288, at *16-22 (Del. Ch. Aug. 2, 2019), *aff'd,* 237 A.3d 68 (Del. 2020) (holding that the Interim Government is the only recognized government of Venezuela and that President Guaidó's appointment of the Ad Hoc Board "is valid"); *Impact Fluid Solutions v. Bariven, S.A.*, No. 4:19-CV-00652, ECF 55 (S.D. Tex. May 20, 2020) ("*Bariven* Order") (order granting the motion to substitute counsel with counsel appointed by PDVSA's Ad Hoc Board); *Red Tree Invs. Inc. v. Petróleos de Venez., S.A*, No. 19-cv-2519, 2019 U.S. Dist. LEXIS 140823 (S.D.N.Y. May 6, 2019) (order granting a stay to defendant PDVSA because the Interim Government did not have full access to the personnel and documents of the government and its instrumentalities); *OI European Grp., B.V. v. Bolivarian Republic of Venez.*, No. 16-1533, 2019 U.S. Dist. LEXIS 85128, at *14 (D.D.C. May 21, 2019) ("[B]ecause the United States has recognized Juan Guaidó as the Interim President of Venezuela, the Court will recognize the Guaidó government lawyers as the appropriate representatives of Venezuela"); *Dresser-Rand Co. v. Petróleos de Venez., S.A, et al.,* No. 19-cv-2689, 2019 U.S. Dist. LEXIS 114704 at *2-5 (S.D.N.Y. July 8, 2019) (granting PDVSA's motion to stay summary judgment because the Interim Government did not have access to necessary information on the basis of an affidavit of an official of the Interim Government.); *Rusoro Mining Ltd. v. Bolivarian Republic of Venez.*, No. 18-7044, 2019 U.S. App. LEXIS 17543, at *1 (D.C. Cir. May 1, 2019) (order denying the "request by the administration of Nicolás Maduro to bar Juan Guaidó and his representatives from arguing this appeal on behalf of Venezuela").

As explained above, the Ad Hoc Board of PDVSA has duly appointed undersigned counsel to appear in this case on behalf of PDVSA and the PDVSA Subsidiaries. Messrs. Flynn

and Jiménez have appeared without such authority. *See* DeLelle Decl. ¶ 9. Moreover, to the extent Messrs. Flynn and Jiménez purport to appear for PDVSA and the PDVSA Subsidiaries on the authority of the Maduro regime, this Court should reject their appearance as unauthorized, consistent with the repudiation by the United States of Mr. Maduro's claims of political, legal, and diplomatic authority. Indeed, "[s]ince the Executive Branch recognized Guaidó, no United States court has held that representatives of the Maduro regime may act for either the Venezuelan government or a Venezuelan state-owned enterprise in litigation." *Jimenez*, 2019 Del. Ch. LEXIS 288 at *15, n.40.

> **B.  The Act of State Doctrine Compels Recognition of the Ad Hoc Board's Engagement of White & Case as Counsel for PDVSA and the PDVSA Subsidiaries in this Case**

The act of state doctrine also compels substitution of counsel. The underlying principle of the act of state doctrine holds that "the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." *Underhill v. Hernandez*, 168 U.S. 250, 252 (1897). Such acts are presumptively valid in U.S. courts. *See W. S. Kirkpatrick & co. v. Envtl. Tectonics Corp., Int'l,* 493 U.S. 400, 409 (1990) ("The act of state doctrine . . . requires that, in the process of deciding [a case], the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid."); *Ricaud v. Am. Metal Co.*, 246 U.S. 304, 309 (1918) (holding that the act of state doctrine requires "that, when it is made to appear that the foreign government has acted in a given way on the subject-matter of the litigation, the details of such action or the merit of the result cannot be questioned but must be accepted by our courts as a rule for their decision"); *Konowaloff v. Metro. Museum of Art*, 702 F.3d 140, 145 (2d Cir. 2012) ("Under [the act of state] doctrine, the validity of the foreign state's act may not be examined[.]"). These include commercial acts relating to the management of state-owned enterprises. *See Republic of Panama v. Air Panama Internacional, S.A.*, 745 F. Supp. 669, 673

(S.D. Fla. 1988) (holding that the act of state doctrine compelled the court to accept as valid managerial appointments by the legitimate president of Panama for Panamanian-owned enterprises).

Accordingly, the legitimacy of Interim President Guaidó, as recognized by the United States, "confers presumptive validity to the acts of his regime that occur within Venezuela, including commercial acts." *Bariven* Order at 6. As discussed above, the National Assembly, under the authority of Interim President Guaidó, enacted the Transition Statute on February 5, 2019. *See* DeLelle Decl. ¶ 7. The Transition Statute authorizes Interim President Guaidó to appoint ad hoc administrative boards to manage and administer state-owned companies, such as PDVSA, as Venezuela transitions to democracy and its state-owned entities resume normal operations. *See id.* As a body established by the legitimate Interim Government of Venezuela, the Ad Hoc Board's engagement of undersigned counsel is a presumptively valid act of state. *Bariven* Order at 15-17 (explaining that the political question and act of state doctrines compel the court to accept the commercial decision of the Interim Government and Ad Hoc Board to appoint new counsel); *see also Jimenez*, 2019 Del. Ch. LEXIS 288, at *16-34 (holding that the political question and act of state doctrines require the court to recognize the Ad Hoc Board of PDVSA's corporate authority). The Delaware Court of Chancery's decision in the *Jimenez* case, as affirmed by the Delaware Supreme Court, made this clear:

> [T]he act of state doctrine resolves the question of who constitutes the PDVSA board. The Guaidó government's reconstitution of the PDVSA board was the official act of a recognized sovereign taken wholly within its own territory. Under the act of state doctrine, this Court must accept that action as valid without further inquiry.

*Jimenez*, 2019 Del. Ch. LEXIS 288, at *25-26.

Thus, only undersigned counsel is authorized to represent PDVSA and the PDVSA

8

Subsidiaries in this action and the substitution of the unauthorized current counsel of record is required in this case.

## II. THE UNSTABLE POLITICAL SITUATION IN VENEZUELA REQUIRES A STAY OF PROCEEDINGS

This Court has the inherent power to stay proceedings and may do so in the interests of justice. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). This is a case where exercising such power is warranted. *See, e.g.*, *Red Tree Invs. Inc.*, 2019 U.S. Dist. LEXIS 140823, at *2 (S.D.N.Y. May 6, 2019).

While the duly appointed representatives of the Interim Government and Interim President Guaidó alone have standing to assert the interests of Venezuela's state-owned entities in the United States and before U.S. courts, the Maduro regime continues to misuse and divert the assets of those entities in Venezuela. *See* DeLelle Decl. ¶ 8. Maduro's illegitimate occupation of the government in Venezuela is impeding the Interim Government's efforts to restore stable democratic governance and ensure continuity of operations of Venezuela's state-owned enterprises, such as PDVSA. *See id.* This unsettled political situation deprives PDVSA's Ad Hoc Board of information and resources necessary to defend the interests and protect the assets of PDVSA and the PDVSA Subsidiaries in U.S. courts. *See id.*; s*ee also Red Tree Invs. Inc.*, 2019 U.S. Dist. LEXIS 140823, at *2 ("Given the current political environment in Venezuela, the Court credits Defendants['] assertion that they are not in a position to provide their counsel with sufficient information to respond to the allegations of [Plaintiff] in this action, or obtain the necessary documents and testimony required to defend the merits of the case.") (citation and quotation marks omitted) (second alteration in original).

Accordingly, PDVSA and the PDVSA Subsidiaries respectfully ask this Court to stay these proceedings until the unauthorized counsel of record are substituted by the duly authorized counsel for PDVSA and the PDVSA Subsidiaries and until the Interim Government transitions to power, thereby permitting the Ad Hoc Board to access corporate resources and information necessary to defend the interests and protect the assets in the United States of PDVSA and the PDVSA Subsidiaries. *See Red Tree Invs. Inc.*, 2019 U.S. Dist. LEXIS 140823, at *2 (granting motion for 120-day stay to allow PDVSA time to gather necessary information and documents to defend the case on the merits); *Pfizer*, 434 U.S. at 319-20 ("It has long been established that only governments recognized by the United States . . . are entitled to access to our courts[.]").

## CONCLUSION

For the foregoing reasons, this Court should grant Intervenor-Defendants PDVSA and the PDVSA Subsidiaries' Motion and (1) substitute the undersigned as counsel for PDVSA and the PDVSA Subsidiaries and remove attorneys Terrence P. Flynn of the law firm Harris Beach LLP and Marcos D. Jiménez of the law firm Marcos D. Jiménez, P.A. as attorneys of record, and (2) issue a stay of proceedings in this case pending resolution of the Motion to Substitute Counsel and until the Interim Government transitions to power.

Dated: March 26, 2021

Respectfully submitted,

**WHITE & CASE**

By: */s/ Kimberly A. Havlin*
Kimberly A. Havlin
White & Case LLP
1221 Avenue of the Americas
New York, N.Y. 10020
(212) 819-8200
kim.havlin@whitecase.com

                                        Nicole Erb (pending admission)
                                        Claire A. DeLelle (pending admission)
                                        Timothy L. Wilson, Jr. (pending admission *pro hac vice*)
                                        White & Case LLP
                                        701 Thirteenth Street, N.W.
                                        Washington, D.C., 20005
                                        (202) 626-3600
                                        nerb@whitecase.com
                                        claire.delelle@whitecase.com
                                        timothy.wilson@whitecase.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2021, a true and correct copy of the foregoing was electronically served upon filing to all counsel of record via the CM/ECF filing system.

/s/ Kimberly A. Havlin