UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

CASE NO: 1:20-mc-00040-LJV

ANTONIO CABALLERO,

    Plaintiff,

vs.

FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA; and THE NORTE DE VALLE CARTEL,

    Defendants,

and

PETROLEOS DE VENEZUELA, S.A.,

    Intervenor.

_____/

**ANTONIO CABALLERO'S RESPONSE IN OPPOSITION TO THE MOTION FOR RECONSIDERATION OF ORDER ON SUBSTITUTION OF COUNSEL, OR, IN THE ALTERNATIVE, MOTION TO CERTIFY INTERLOCUTORY APPEAL BY PETROLEOS DE VENEZUELA, S.A. AND AFFILIATES [D.E. 81]**

Plaintiff Antonio Caballero ("Caballero"), by and through undersigned counsel, hereby opposes the Motion for Reconsideration of Order on Substitution of Counsel, or, in the Alternative, Motion to Certify Interlocutory Appeal by Petroleos de Venezuela, S.A. and Affiliates [D.E. 81] (the "Motion") filed by Terrance P. Flynn of Harris Beach, PLLC and Marcos Daniel Jiménez of Marcos D. Jiménez, P.A. ("Flynn and Jiménez"), and in support states as follows:

**INTRODUCTION**

Caballero opposed substitution of counsel for Petroleos de Venezuela, S.A. ("PDVSA"). *See* D.E. 66. In his opposition, Caballero noted that he had longed foreshadowed tactical delays

and argued substitution of counsel was another of such delays. Indeed, the substitution issues did push back the schedule originally set by the Court. *Compare* D.E. 44 *and* 54 *with* D.E. 78.

Without waiving any of the objections or arguments made in opposing White & Case LLP's substitution (including the timeliness of PDVSA's appearance), because Caballero believes that further litigation of the substitution issues constitutes nothing more than a tactical delay, he opposes the Motion.[1]

Moreover, this Court has ruled in a nineteen-page order and Flynn and Jiménez, by way of their Motion, simply seek another bite at the apple. Caballero urges this Court to reject Flynn and Jiménez's improper Motion seeking reconsideration, or, alternatively certification for interlocutory appeal of the portion of the Decision & Order (the "Order") [D.E. 78], which—(i) granted the motion to substitute counsel, filed by Claire A. DeLelle, Kimberly Anne Havlin, Nicole Erb, and Timothy L. Wilson, Jr., of White & Case LLP (*see* D.E. 58) on behalf of the Ad Hoc Board of Directors of Petroleos de Venezuela, S.A. (the "Ad Hoc Board"); (ii) designated the attorneys of White & Case LLP as counsel of record for PDVSA and the subsidiaries; and (iii) directed the Clerk of the Court to terminate Flynn and Jiménez, as attorneys of record for PDVSA and the subsidiaries.

Were any relief in the Motion granted (i.e., reconsideration of the Order or certification of the Order for interlocutory appeal), or the briefing schedule previously entered by this Court in any way altered, significant delays would surely follow. Such result would contravene principles of terror victim priority and run afoul of the serious risks faced by Terrorism Risk Insurance Act ("TRIA") judgment creditors as expressed by the Eleventh Circuit Court of Appeals (the "Timing

---

[1] However, nothing said herein is to be interpreted as supporting the Ad Hoc Board of Directors of Petroleos de Venezuela, S.A.'s lawyers to be the appropriate lawyers to represent PDVSA and the subsidiaries.

Cautions") in *Stansell v. Revolutionary Armed Forces of Columbia [sic]*, 771 F.3d 713, 729 (11th Cir. 2014). Such harm would be all the more egregious given that Flynn's and Jiménez's Motion does not even meet the standard for reconsideration. Thus, Caballero respectfully requests that the Motion be denied.

## ARGUMENT

### I. RECONSIDERING THE ORDER, CERTIFYING THE ORDER FOR INTERLOCUTORY APPEAL, OR IN ANYWAY ALTERING THE BRIEFING SCHEDULE ALREADY ENTERED BY THIS COURT WOULD VIOLATE THE TIMING CAUTIONS AND FLOUT TERROR VICTIM PRIORITY PRINCIPLES

Flynn's and Jiménez's request for reconsideration, or, alternatively certification for interlocutory appeal of the Order, is inappropriate. Granting such request would contravene principles of terror victim priority—which are sacrosanct under relevant terror law—and would cause improper delays in contravention of the Timing Cautions.

TRIA is superior to all conflicting laws as evidenced by its sweeping "notwithstanding" provision:

> ***Notwithstanding any other provision of law***, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605A or 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Section 201(a) of TRIA (emphasis added). TRIA is a terrorism victim recovery maximization statute that was passed so that terrorism victims were no longer holding worthless "paper judgments." According to the legislative history, "[t]he purpose of Section 201 is to deal comprehensively with the problem of enforcement of judgments rendered on behalf of victims of terrorism in any court of competent jurisdiction by enabling them to satisfy such judgments through the attachment of

3

blocked assets of terrorist parties. It is the intent of the Conferees that Section 201 establish that such judgments ***are to be enforced.***" H.R. Rep. No. 107-779, at 27 (2002) (emphasis added).

TRIA gives priority to victims of terror seeking to satisfy their judgments. *See Stansell v. FARC, et al.,* No. 09-cv-2308, 2013 U.S. Dist. LEXIS 200766, at *21 (M.D. Fla. Apr. 19, 2013) ("***No other parties, claimants, property owners, or 'innocent' beneficiaries have rights greater that [sic] the terrorism victim judgment holders*** and these rights are not considered in the TRIA statutory scheme.") (emphasis added); *Stansell v. FARC, et al.,* No. 09-cv-2308, 2013 U.S. Dist. LEXIS 197906, at *11 (M.D. Fla. Apr. 25, 2013) ("***The Claimants' private interest is…<u>de minimis</u>***") (emphasis added); *Hausler v. JPMorgan Chase Bank, N.A.,* 845 F. Supp. 2d 553, 569 (S.D.N.Y. 2012), *reversed on other grounds* ("terrorist victims' holding judgments… must be first in line.").

The reasoning for this priority of interests is simple – "parties who assert ownership interests in blocked assets have other avenues of redress." *Hausler,* 845 F. Supp. 2d at 570. These avenues may include (but would not disturb a TRIA judgment holder's prior priority): obtaining a license from OFAC, requesting that OFAC unblock the assets, and seeking agency reconsideration or judicial review of OFAC's determinations.[2]  Despite such clear authority, Flynn and Jiménez

---

[2] *Id.* (finding that, given the many avenues of redress, "[s]uch parties need not, therefore, seek to vindicate their asserted property interests by intervening in execution proceedings."); *Stansell,* 2013 U.S. Dist. LEXIS 200766, at *21-22 (same); *Stansell,* 2013 U.S. Dist. LEXIS 197906, at *10.  Notably, these other avenues of redress would not overcome Caballero's attachment of the specific blocked assets subject to this action under the "Look-Back Rule," to wit:

> Unless otherwise specifically provided, **any amendment, modification, or revocation of any…license issued by OFAC <u>does not affect</u>…<u>any civil</u> or criminal <u>proceeding</u> commenced or <u>pending, prior to such amendment, modification, or revocation</u>**.

31 CFR § 591.402 (emphasis added); *see also* 31 CFR § 536.402 (containing similar language in relation to the Narcotics Trafficking Sanction Regulations, Part 536); *see also Stansell v. FARC,*

inappropriately seek to elevate their own interests, as lawyers, above the interests of Caballero, the terror victim herein.

Flynn's and Jiménez's request to turn principles of victim priority on their head is all the more egregious given that such request would cause significant delays to Caballero's collection efforts thereby flouting the Timing Cautions, *Stansell,* 771 F.3d at 729, to wit:

> During the pendency of execution proceedings, a number of events may occur which make satisfaction using a particular asset impossible. Other judgment creditors may seek to execute against the asset. ***The government may take action that makes the asset unreachable, including seizure or de-listing of the alleged agency or instrumentality (which may or may not be the result of a finding that the SDNT designation was incorrectly reached), the latter of which would enable the asset owner to move the asset (or proceeds from its sale) outside the reach of any United States district court***.

Emphasis added. Indeed, Flynn's and Jiménez's requested relief completely disregards the unique nature of this *in rem* post-judgment proceeding, involving a terror victim, mandating expeditious resolution.  Thus, Caballero respectfully requests that the Court deny the Motion.

## II. FLYNN AND JIMÉNEZ FAIL TO SATISFY THE MOTION FOR RECONSIDERATION AND INTERLOCUTORY APPEAL STANDARDS

Denial of the Motion is appropriate on additional, independent grounds. Specifically, Flynn and Jiménez fail to satisfy both the standard for reconsideration and the standard for interlocutory appeal.

 "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van

---

771 F.3d 713, 732-33 (11th Cir. 2014) (interpreting 31 CFR § 536.402 and holding that claimants' OFAC de-listing, which actually purported to unblock ALL of claimants' assets and remove their designation sanctions, should not operate retroactively to put their assets out of the plaintiffs' reach because the plaintiff had already initiated post-garnishment proceedings against claimants).

5

*Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). As such, "**reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked**—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (emphasis added).

Here, Flynn and Jiménez fail to identify any controlling decision or data that the Court overlooked when rendering its Decision & Order. Instead, Flynn and Jiménez merely voice their disagreement with the Court's application of *W. S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l*, 493 U.S. 400 (1990), and reliance upon *Jiménez v. Palacios*, 2019 WL 3526479 (Del. Ch. Aug. 2, 2019), aff'd, 237 A.3d 68 (Del. 2020), and *Republic of Panama v. Air Panama Internacional, S.A.*, 745 F. Supp. 669 (S.D. Fla. 1988). But such disagreement does not satisfy the reconsideration standard. The reality is that the Motion is not a proper motion for reconsideration but rather an improper, backdoor attempt to relitigate issues already decided by this Court.

Caballero also opposes any interlocutory appeal as Flynn and Jiménez have not met the applicable standards and such appeal would almost certainly cause delay of these proceedings.

## CONCLUSION

For the aforementioned reasons, Caballero respectfully requests that this Court deny Flynn's and Jiménez's requested relief and allow the case to proceed as set in the briefing schedule in the Order [D.E. 78].

Dated: July 2, 2021.

>Respectfully submitted,
>
>*/s/ Joseph I. Zumpano*
>Joseph I. Zumpano (Florida Bar Number: 0056091)
>Admitted *Pro Hac Vice*
>E-mail address: jzumpano@zplaw.com
>Leon N. Patricios (Florida Bar Number: 0012777)
>Admitted *Pro Hac Vice*
>E-mail address: lpatricios@zplaw.com
>ZUMPANO PATRICIOS, P.A.
>312 Minorca Avenue
>Coral Gables, FL 33134
>Telephone: (305) 444-5565
>Attorneys for Plaintiff Antonio Caballero
>
>Mitchell G. Mandel
>E-mail address: mmandell@zplaw.com
>ZUMPANO, PATRICIOS & POPOK, PLLC
>417 Fifth Avenue, Suite 826
>Telephone: (212) 542-8125

**CERTIFICATE OF SERVICE**

We hereby certify that the foregoing document was filed this 2nd day of July 2021 via CM/ECF.

>*/s/ Leon N. Patricios*
>Leon N. Patricios