UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTONIO CABALLERO,

        Plaintiff,

  v.                              20-MC-00040-LJV
                                   ORDER

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA, *et al.*,

        Defendants.
_____

      The plaintiff, Antonio Caballero, is a judgment creditor of Fuerzas Armadas Revolucionarias de Colombia ("FARC"). To satisfy his judgment against FARC, Caballero moved *ex parte* under section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") for post-judgment execution on the blocked assets of alleged agencies and instrumentalities of FARC. *See* Docket Items 10, 22. In connection with that request, Caballero sought a determination that Petróleos de Venezuela, S.A. ("PDVSA"), Docket Item 10, and six of PDVSA's subsidiaries—(1) PDV Marina SA; (2) Aceites Y Solventes Venezolanos SA; (3) Petroanzoategui SA; (4) Venfleet Asphalt Ltd.; (5) Venfleet Products Ltd.; and (6) Venfleet Ltd. (together, "the subsidiaries"), Docket Item 22—are agencies or instrumentalities of FARC. This Court granted Caballero's motions for post-judgment execution. Docket Items 15, 33. And on January 29, 2021, this Court entered a turnover judgment against the blocked assets of PDVSA. Docket Item 35.

PDVSA and the subsidiaries then moved to intervene, Docket Item 37, and this Court granted that motion, Docket Item 39.[1] PDVSA and the subsidiaries also moved to quash the writs of execution and vacate the turnover judgment pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and 60(b)(6). Docket Item 85. PDVSA and the subsidiaries argue, among other things, that this Court lacked subject matter jurisdiction and personal jurisdiction to issue the writs of execution and enter the turnover judgment, that the turnover judgment is void based on ineffective service, and that the requirements for execution and attachment under section 201(a) of TRIA are not met here. Docket Item 85-1. Specifically as to subject matter jurisdiction, PDVSA and the subsidiaries argue that Caballero must establish an independent basis for the Court's jurisdiction, that the Foreign Sovereign Immunities Act ("FSIA") "provides the sole basis for obtaining jurisdiction in U.S. courts over PDVSA" and the subsidiaries, and that PDVSA is immune from suit and its assets are immune from attachment and execution under FSIA unless an exception to immunity applies. *Id.* at 22-26. And they say that section 201(a) of TRIA[2] does not apply to provide an exception. *Id.*

---

[1] After PDVSA and the subsidiaries intervened, a dispute over who was proper counsel for PDVSA and the subsidiaries developed. *See* Docket Items 58, 65-68, 75-77, 81. The Court found that White & Case LLP was retained to represent PDVSA and the subsidiaries and ordered that White & Case LLP be designated as counsel of record for PDVSA and the subsidiaries. *See* Docket Item 78 (granting White & Case LLP's motion to substitute); Docket Item 97 (denying motion for reconsideration or, in the alternative, certification of an interlocutory appeal filed by attorneys Terrance P. Flynn and Marcos Daniel Jiménez).

[2] Section 201(a) of TRIA is codified as a note to section 1610 of FSIA. Section 201(a) of TRIA states:

> Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under [28 U.S.C. §§ 1605A or

Moreover, PDVSA and the subsidiaries assert that this action is the first of its kind.[3]  Here, Caballero has a judgment against a non-state terrorist party, that is, FARC, and seeks to satisfy that judgment against a foreign state or its agencies or instrumentalities, that is, PDVSA and the subsidiaries.  See Docket Items 10, 22, and 58-2 at 1.  In previous TRIA cases, plaintiffs have either (1) obtained a judgment against a non-state terrorist party and sought to execute that judgment against another non-state actor who was an agency or instrumentality of that terrorist party; or (2) obtained a judgment against a foreign state terrorist party and sought to execute that judgment against an agency or instrumentality of that foreign state.  See Docket Item 85-1 at 23-24.  In other words, this action presents the unique scenario where the plaintiff holds a judgment against a non-state terrorist party and seeks to execute that judgment against an entity that is alleged to be both an agency or instrumentality of that non-state terrorist party and an agency or instrumentality of a foreign state.

The United States has expressed concern about the use of section 201(a) of TRIA in such a scenario.  Statement of Interest of the United States, *In re: Terrorist Attacks on Sept. 11, 2001*, No. 1:03-md-1570, Docket Item 7661 at 35 n.9 (S.D.N.Y. Feb. 11, 2022) ("Where a state is not designated as a state sponsor of terrorism, TRIA does not authorize the attachment of a foreign state's assets to satisfy a judgment

---

1605(a)(7)], the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

[3] There are, however, similar TRIA actions involving Venezuelan assets pending in other courts.  See, e.g., *Caballero v. Fuerzas Revolucionarias de Colombia*, No. 21-cv-1668 (S.D. Tex.).

against the foreign state.  Permitting a foreign state's assets to be attached indirectly to satisfy the judgment against a non-state terrorist organization would supplant the discretion that Congress afforded to the Executive Branch in designating state sponsors of terrorism." (citing 50 U.S.C. App. § 2405(j); 22 U.S.C. § 2371)).  PDVSA and its subsidiaries therefore have encouraged this Court to invite the views of the United States on this case.  Docket Item 85-1 at 47; Docket Item 91 at 10; Docket Item 103.  Caballero opposes such an invitation.  Docket Item 105.

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case."  *United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015);  28 U.S.C. § 517 ("The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.").  Given the issues of application and interpretation of FSIA's jurisdictional and immunity provisions raised by this action, and the interests of the Executive Branch in the resolution of those issues, the Court invites the United States to submit a brief as amicus curiae to address the following questions and any other issues raised by this litigation that the United States deems of interest:

(1) Whether, and if so how, FSIA's jurisdictional and attachment immunity provisions apply in this post-judgment execution action; in particular, whether section 201(a) of TRIA provides subject matter jurisdiction in an action where a party obtained a judgment against a non-state terrorist party and seeks to

4

execute that judgment against a foreign state also alleged to be agency or instrumentality of the non-state terrorist party;

(2) Whether FSIA's service provision, 28 U.S.C. § 1608, applies in a post-judgment execution action under section 201(a) of TRIA; and

(3) Whether section 201(a)'s language regarding the "blocked assets of any agency of instrumentality of that terrorist party" requires that the terrorist party have an ownership interest in the assets at issue for attachment under section 201(a) of TRIA.

The Court requests that the United States submits a response indicating whether it accepts the invitation by no later than March 18, 2022. If the United States needs additional time to respond, it may request an extension from the Court. If the United States accepts the invitation, this Court will set a briefing schedule. The Clerk of the Court shall serve this order upon the United States Attorney for the Western District of New York.

SO ORDERED.

Dated:  March 4, 2022
        Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE