UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

CASE NO: 1:20-mc-00040-LJV

ANTONIO CABALLERO,

    Plaintiff,

vs.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA, a/k/a
FARC-EP a/k/a REVOLUTIONARY ARMED
FORCES OF COLOMBIA; and THE NORTE
DE VALLE CARTEL,

    Defendants.
_____/

## ANTONIO CABALLERO'S
## THIRD NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Antonio Caballero ("Caballero"), by and through undersigned counsel, hereby files this Third Notice of Supplemental Authority (the "Notice") in further support of Caballero's opposition [D.E. 90] to Petroleos de Venezuela, S.A. ("PDVSA") and its subsidiaries'[1] motion to quash and vacate [D.E. 85]. Attached as **Exhibit 1** is the recently issued Report and Recommendation (the "R&R") of United States Magistrate Judge Sarah Netburn in *Stansell, et al. v. Revolutionary Armed Forces of Colombia, et al.,* No. 16-MC-00405 (LGS) (SN) (S.D.N.Y. Mar. 29, 2022), D.E. 443, addressing certain motions and/or crossclaims filed by Caballero and another group of Terrorism Risk Insurance Act ("TRIA") judgment creditors, the "Stansells" and the "Pescatores" (collectively, "STPE").

---

[1] The specific PDVSA subsidiaries are identified in D.E. 85. PDVSA, together with its subsidiaries, are referred to as the "PDVSA Entities."

Three federal judges have confirmed Caballero's status as a TRIA judgment creditor under his Anti-Terrorism Act ("the ATA") judgment. On May 20, 2020, the Honorable Judge K. Michael Moore of the United States District Court for the Southern District of Florida (the "ATA District Court") entered a final judgment in favor of Caballero under the ATA (the "ATA Final Judgment). *See* D.E. 1 at 2. On December 29, 2021, the Honorable Judge Holcomb of the United States District Court for the Central District of California confirmed Caballero's ATA Final Judgment. *See* Not. of Supp. Authority, D.E. 95 (notifying this Court of Judge Holcomb's Order). Yesterday, the Honorable Magistrate Judge Sarah Netburn of the United States District Court for the Southern District of New York likewise confirmed Caballero's ATA Final Judgment.

The attached R&R squarely rejected the arguments raised by STPE in that court (i.e., substantially similar arguments raised by the PDVSA Entities here) attacking Caballero's ATA Final Judgment under the theory that the ATA District Court lacked subject matter jurisdiction:

> ***Accordingly, the Court finds no reason to challenge the Caballero III court's subject matter jurisdiction.*** Because subject matter jurisdiction is available under 28 U.S.C. § 1331, the Court need not consider whether it is separately available under § 2333(a). Even after confirming jurisdiction based on 28 U.S.C § 1331, the Court finally considers whether its subject matter jurisdiction is statutorily limited to cases where each of the elements of a § 2333(a) claim—such as the U.S. national status of a claimant—are satisfied.
>
> ….
>
> ***Nothing in § 2333(a) contains this clear jurisdictional limitation***.
>
> …
>
> The Stansells and Pescatores argue unpersuasively that this interpretation renders § 2333(a) absurd.
>
> …
>
> There is nothing particularly absurd about this. The intimation is that a naturalized foreigner is better treated because they have *more* time to bring an ATA claim than someone who is an American national. ***Yet, the party arguably facing the most stinging injustice is the child without American citizenship who would***

2

> *be unable to use the ATA to sue the terrorists for the harms he has suffered from the death of his mother.* See, e.g., Lelchook v. Islamic Republic of Iran, No. 16-cv-7078 (ILG), 2020 WL 12656283, at *4 (E.D.N.Y. Nov. 23, 2020) ("The ATA does not include language authorizing foreign nationals to bring ATA claims in a U.S. court for their own injuries caused by an act of international terrorism.")
>
> Certainly, if that child eventually became an American, he would have more time from the date of the incident than the child who started as a citizen, but given the challenge of suing as years pass (fading memory, lost witnesses, missing documents) it does not seem outrageous that they have more time to remedy these gaps. The American child, by contrast, could sue the very day the attack occurs or anytime in the next decade. There is no absurdity in this result, much less absurdity so significant that the Court need read jurisdictional significance into § 2333(a).

*See* **Exhibit 1** at 16-19 (footnotes omitted) (emphasis added).

The attached R&R further squarely rejected the arguments raised by STPE in that court (i.e., substantially similar arguments raised by the PDVSA Entities here) attacking Caballero's ATA Final Judgment under the theory that the ATA District Court lacked personal jurisdiction over the FARC:

> ***The Stansells and Pescatores lack standing to challenge Caballero III for lack of personal jurisdiction.***
>
> …
>
> *The individual nature of this right limits who may challenge a judgment for lack of personal jurisdiction*. A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Sec'y of State of Md. v. Joseph H. Munson Co., 467 U.S. 947, 955 (1984) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)) (internal quotation omitted). ***Thus, the right to assert or waive the defense of personal jurisdiction rests with the Caballero III defendants: FARC and the NDVC.***
>
> …
>
> It is true that "before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant . . . ." Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010). "[T]he Second Circuit has noted" however, 'that it is an open question 'whether a district court *must* investigate its personal jurisdiction over a defendant before entering a default judgment . . . .'" Hood v. Ascent Med. Corp., No. 13-cv-628

3

(RWS), 2016 WL 3453656, at *1 (S.D.N.Y. June 20, 2016), aff'd, 691 F. App'x 8 (2d Cir. 2017) (quoting City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 133 (2d Cir. 2011)) (emphasis in original).

***But, the <u>Caballero III</u> court has, even if implicitly, already satisfied itself that it had jurisdiction to enter the default judgment.*** C.f., Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986) ("When a district court has not explicitly noted why it assumed jurisdiction over a suit, appellate courts will independently examine the record to determine whether a reasonable basis existed for the lower court's implicit finding that it had jurisdiction.") ***What the Stansells and Pescatores ask then, is that this Court overturn Caballero III's personal jurisdiction determination. They do not have standing to make this challenge.***

*See* **Exhibit 1** at 20-22 (emphasis added).

**DATED this 30th day of March 2022.**

        Respectfully Submitted

        ZUMPANO PATRICIOS, P.A.
        312 Minorca Avenue
        Coral Gables, FL 33134
        Tel. (305) 444-5565

        */s/ Joseph I. Zumpano*
        Joseph I. Zumpano
        Florida Bar Number: 0056091
        *Appearing Pro Hac Vice*
        E-mail address: jzumpano@zplaw.com
        Leon N. Patricios
        Florida Bar Number: 0012777
        *Appearing Pro Hac Vice*
        E-mail address: lpatricios@zplaw.com

        ZUMPANO PATRICIOS & POPOK, PLLC
        Mitchell G. Mandell
        Senior Partner
        417 Fifth Avenue, Suite 826
        New York, New York 10016
        Tel: (212) 542-8125
        Fax: (646) 665-4685
        mmandell@zplaw.com
        ***Attorneys for Plaintiff Antonio Caballero***

## **CERTIFICATE OF SERVICE**

We hereby certify that the foregoing document was filed this 30th day of March 2022 via CM/ECF.

*/s/ Joseph I. Zumpano*
Joseph I. Zumpano