UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

CASE NO: 1:20-mc-00040-LJV

ANTONIO CABALLERO,

    Plaintiff,

vs.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA,
a/k/a FARC-EP a/k/a
REVOLUTIONARY ARMED FORCES
OF COLOMBIA; and THE NORTE DE
VALLE CARTEL,

    Defendants.
_____/

## PLAINTIFF ANTONIO CABALLERO'S
## MOTION TO STAY

For reasons of judicial efficiency explained herein, Plaintiff Antonio Caballero ("Caballero"), by and through undersigned counsel, hereby moves this Court to temporarily stay these proceedings given the overlap between a central issue pending before this Court and the United States District Court for the Southern District of New York ("SDNY Action"). Caballero requests that any stay be without prejudice to any party, or the United States, requesting, at any time, that the stay be lifted. The United States does not oppose this motion, provided that it can file a

Statement of Interest, if it deems necessary, upon the resumption of the case. PDVSA and its Subsidiaries oppose this motion.

## I. Brief Background

Following a January 26, 2022 conference with counsel for Caballero and counsel for PDVSA and its Subsidiaries, the Court entered its Minute Order (ECF 101) directing the parties to submit briefs regarding their positions on obtaining views from the United States on issues before the Court. During the briefing process, both parties brought to this Court's attention a Statement of Interest filed by the United States in the SDNY (ECF 104-1; ECF 105-1) in a case styled *In re: Terrorist Attacks on September 11, 2001*, No. 03 MD 1570-GBD-SN. Thereafter, the Court issued its March 4, 2022 Order inviting the United States' views on certain enumerated issues and any other issues the United States deems of interest (ECF 106, 4). April 18, 2022 is the current deadline for the United States to advise the Court whether it intends to file a Statement of interest.

There is an overlap between the SDNY Action and a central issue pending before this Court -- the application of section 201(a) of TRIA in an action where a party has obtained a judgment against a non-state terrorist party and seeks to execute the judgment against an entity that is both: (i) an agency or instrumentality of that non-state terrorist party; and (ii) owned by a non-terrorist state. Because there is an overlap of issues currently pending before both Courts, judicial efficiency would be

served by one Court ruling first so that the second Court can have the benefit of such ruling before moving forward. The SDNY Action is a consolidated action involving numerous parties. Thus, it makes more sense for this action to be temporarily stayed.

## II.   Brief Memorandum of Law

Caballero has several pending TRIA collection proceedings that have significant overlap. In several proceedings, Caballero has sought temporary stays, as appropriate, for judicial efficiency. Stays have been entered in several cases including:

- the United States District Court for the Northern District of California entering a stay pending further proceedings in the United States District Court for the Central District of California. *See* Order Granting Motion to Stay, ECF No. 56, *Caballero v. FARC et al.*, 4:20-mc-80146-JST (N.D. Ca.).

- the United States District Court for the Southern District of Texas entering a stay pending proceedings in this Court. *See* Order Staying Action, ECF No. 60, *Caballero v. FARC et al.* 4:21-cv-01668 (S.D. Tex.).   PDVSA **opposed** this stay. After considering PDVSA's arguments, the Court stayed the case.

- the United States District Court for the Southern District of New York entering a stay pending further proceedings in the United States

3

District Court for the Central District of California. *See* So Ordered Stipulation for Stay, ECF No. 35, *Caballero v. FARC et al.*, 1:20-cv-11061-AJN (S.D.N.Y.).

- the United States District Court for the South Carolina entering a stay pending further proceedings in the United States District Court for the Southern District of Texas and this Court. *See* Text Order, ECF 43, *Caballero v. FARC et al.*, 3:20-cv-04285-MGL (D. S. Car.). This stay order was entered after the Judge's clerk consulted with counsel for all the parties, **including** counsel for PDVSA.

- the United States District Court for the South Carolina entering a stay pending further proceedings in the United States District Court for the Central District of California. *See* Text Order, ECF 40, *Caballero v. FARC et al.*, 3:20-cv-04283-MGL (D. S. Car.).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (citations omitted). The courts have enumerated several considerations when analyzing whether a stay is appropriate:

1. The private interests of the plaintiff in proceeding expeditiously as balanced against the prejudice to the plaintiff if delayed;
2. The private interests of and burden on the defendants;
3. The interests of the courts;
4. The interests of persons not parties to the litigation;
5. The public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Moreover, the Supreme Court has observed that where substantially overlapping issues are pending before two federal district courts, there is a preference in avoiding duplicative litigation. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).

Based on the above standards, a temporary stay of this matter is appropriate. The SDNY has already received a Statement of Interest from the United States that addresses certain of this Court's questions. The SDNY has before it numerous parties and numerous turnover issues. The United States is a participant in the proceedings before the SDNY and will presumably continue to address issues, as it deems necessary, in the SDNY.

### A. The Private Interests of the Plaintiff Factor Favors a Stay

Caballero has filed cases in multiple jurisdictions in order to seek satisfaction of his ATA judgment. As such multi-jurisdictional litigation illustrates, obtaining priority over attachable assets requires Caballero to litigate multiple matters simultaneously instead of sequentially. In the case pending before this Court,

5

Caballero has priority as there are no other judgment creditors that have attached the relevant account. Thus, there is no other plaintiff/victim of terrorism at issue.

Caballero has repeatedly urged that this matter be resolved with speed and appreciates this Court's attention to the case. Caballero continues to maintain, and does not waive, his position on the Timing Cautions previously briefed to this Court. Nevertheless, Caballero is involved in multiple TRIA collection proceedings across the country and has faced instances in which one matter should be stayed in favor of another. Staying one matter in favor of another does not necessarily mean that the stayed matter will proceed to finality slower than had it not been stayed. Allowing one court to proceed first should provide the second court with a reasoned analysis for consideration, which enhances judicial efficiency. The approach can decrease the possibility of inconsistent results or, at the very least, provide two well-reasoned, opposing decisions for resolution by the appellate court.

This factor, therefore, favors Caballero's motion to stay.

**B.  The Private Interests of and Burden on the Defendants Favors a Stay**

PDVSA and its Subsidiaries' assets are blocked and cannot be used by PDVSA or its Subsidiaries. Thus, the stay of any litigation involving the attachment and turnover of their assets does not prejudice them. PDVSA has insisted that the United States be heard on several issues. As noted, the United States has appeared and provided its Statement of Interest in the SDNY Action. PDVSA's counsel in

6

this matter, lawyers from White & Case, are counsel of record for another party in the SDNY Action. Thus, PDVSA will have the benefit of its counsel's presentations to the Court in the SDNY Action. This factor, therefore, favors entry of a stay.

C. **The Interests of the Courts Favor a Stay**

As noted above, several courts have stayed actions in favor of this Court proceeding first. Staying this case, in turn, will not affect those matters that are already stayed. To the contrary, staying this case so that this Court has the benefit of a ruling from the SDNY Action favors the approach of having one court first decide an overlapping issue so that the other courts can have the benefit of such ruling.

There is significant overlap between a central issue in this matter and the SDNY Action. In its March 4, 2022 Order, this Court invited the United States to address several questions and any other issues raised by this case that United States deems of interest. The questions include the application of section 201(a) of TRIA in an action where a party has obtained a judgment against a non-state terrorist party and seeks to execute the judgment against an entity that is both an agency or instrumentality of that non-state terrorist party and also an entity owned by a non-terrorist state; whether the FSIA's service provision applies in a post-judgment execution action under TRIA; and whether TRIA's phrase "blocked assets of any

agency or instrumentality of that terrorist party" requires the terrorist party to have an ownership interest in the assets at issue for attachment. ECF No. 106, at 5.

As both Caballero and PDVSA noted to this Court, the United States Statement of Interest filed in the SDNY Action squarely addresses this Court's first question. After the United States filed its Statement of Interest, several plaintiffs groups have filed turnover motions. *See* Havlish Creditors Motion for Partial Turnover and Memorandum in Support, ECF 7763 and 7764, SDNY Action; Doe Creditors Motion for Turnover and Memorandum in Support, ECF 7767 and 7769, SDNY Action. Each party addresses the first issue raised by this Court. ECF 7764 at 27-30; ECF 7769 at 26-29.

While it does not appear that the second two issues identified by this Court are currently before the Court in the SDNY Action (they may have been in the nearly 8000 docket entries), Caballero notes the following. The United States does not object to this Court staying this action, with the proviso that if this Court stays the action, the United States will be given the opportunity to file a Statement of Interest, if it deems necessary, upon the resumption of this case. Thus, the United States is not opposed to this Court pausing consideration of all three issues pending a decision from the Court in the SDNY Action on the first identified by this Court.

Thus, this factor favors the entry of a stay.

### D. The Interests of Persons Not Parties to the Litigation Favors a Stay

As noted, the SDNY Action involves a large number of litigants and counsel, each of which has an interest in the resolution of issues facing a Court requested to order the turnover of the blocked assets of a state agency that is also an agency or instrumentality of a non-state terrorist party. This action involves one plaintiff – Caballero. It is far easier for Caballero to have his views considered in the SDNY Action, either directly or through consultation with counsel for another plaintiff, than it is for the many participants in the SDNY Action to have their views heard by this Court on a common issue. Thus, this factor favors a stay.

### E. The Public Interest Favors a Stay

The public and the judiciary have an interest in the efficient use of judicial resources and the orderly disposition of cases. Here, Caballero has suggested that this Court enter a temporary stay to receive the benefit of a decision from the SDNY Action, which this Court may nor may not follow. This Court, however, will have the benefit of the Court's disposition of certain issues in the SDNY Action and the United States' position to the extent it files further papers in the SDNY Action. Because PDVSA's assets are blocked and cannot be used, Caballero cannot identify anything in the public interest that would support the denial of this motion

## III. Relief Requested

Based on the foregoing, Caballero requests that this Court temporarily stay

this matter without prejudice to any party requesting that the stay be lifted at any time and also without prejudice to the United States filing a Statement of Interest upon the lifting of the stay. So that the Court remains apprised of the status of the proceeding in the SDNY Action, Caballero requests that this Court direct Caballero, PDVSA, and the Subsidiaries to file a joint status report every sixty (60) days.

**DATED this 18th day of April 2022.**

Respectfully Submitted

ZUMPANO PATRICIOS, P.A.
312 Minorca Avenue
Coral Gables, FL 33134
Tel. (305) 444-5565

*/s/ Leon N. Patricios*
Joseph I. Zumpano
Florida Bar Number: 0056091
*Appearing Pro Hac Vice*
E-mail address: jzumpano@zplaw.com
Leon N. Patricios
Florida Bar Number: 0012777
*Appearing Pro Hac Vice*
E-mail address: lpatricios@zplaw.com

ZUMPANO PATRICIOS & POPOK, PLLC
Mitchell G. Mandell
Senior Partner
417 Fifth Avenue, Suite 826
New York, New York 10016
Tel: (212) 542-8125
Fax: (646) 665-4685
mmandell@zplaw.com

***Attorneys for Plaintiff Antonio Caballero***

## **CERTIFICATE OF SERVICE**

We hereby certify that the foregoing document was filed this 18th day of April 2022 via CM/ECF.

*/s/ Leon N. Patricios*
Leon N. Patricios
