UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO CABALLERO,<br><br>               Plaintiff,<br><br>    v.<br><br>FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP, a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA; and THE NORTE DE VALLE CARTEL,<br><br>               Defendants. | Case No.: 1:20-mc-00040-LJV |

**PETRÓLEOS DE VENEZUELA, S.A. AND ITS SUBSIDIARIES'
RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Petróleos de Venezuela, S.A. ("PDVSA") and Aceites y Solventes Venezolanos Vassa S.A., PDV Marina S.A., Petroanzoategui S.A. (a/k/a Petro San Felix S.A.), Venfleet Asphalt Ltd., Venfleet Ltd., and Venfleet Products Ltd. (collectively, the "Subsidiaries") submit this response to Plaintiff's Notice of Supplemental Authority (ECF No. 110), which concerns a Report & Recommendation from Magistrate Judge Sarah Netburn in the Southern District of New York.

The R&R concerns various cross-claims asserted between Plaintiff and competing judgment creditors of the FARC (the "Stansells and Pescatores") who also seek to satisfy their default judgments against the FARC from the blocked assets of various PDVSA subsidiaries and other entities. *See* Notice, Ex. 1 (R. & R., *Stansell v. Revolutionary Armed Forces of Colom. (FARC)*, No. 16-MC-00405 (LGS)(SN), ECF No. 443 (S.D.N.Y. Mar. 29, 2022)) ("R&R"). The R&R does not adjudicate any motions filed or arguments made by PDVSA's subsidiaries in the SDNY action nor, contrary to Plaintiff's representation, is the R&R dispositive of arguments presented by PDVSA and its Subsidiaries in their briefs in support of their Motion to Vacate in

this Court (ECF No. 85). The R&R is otherwise incorrect regarding several key issues and subject to challenge by May 12, 2022.

*First*, the R&R is incorrect that the Southern District of Florida had subject matter jurisdiction over Plaintiff's ATA action. As set forth in the Motion to Vacate, the plain terms of the ATA's jurisdictional provision, 18 U.S.C. § 2333(a), require that an ATA plaintiff be a U.S. national at the time of injury (which Plaintiff was not) in order to invoke the subject matter jurisdiction of a U.S. court. *See* Mot. to Vacate Mem. 42 (ECF No. 85-1); Mot. to Vacate Reply 18 (ECF No. 91); *see also* Resp. to Pl.'s Notice of Supp. Auth. 2 (ECF No. 99). The R&R relied on cases that cited 28 U.S.C. § 1331 as the basis for federal question jurisdiction over claims arising under § 2333, but none of those cases involved a plaintiff like Mr. Caballero here, who does not satisfy the jurisdictional requirement of § 2333(a) because he was not a U.S. national at the time of injury. *See* R&R 15-16 (citing *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 557 (7th Cir. 2021) (concerning ATA claims by an American couple arising from the murder of their son, a U.S. citizen, in Israel); *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTS)(GWG), 2019 WL 1409446, at *1 (S.D.N.Y. Mar. 28, 2019) (concerning claims by members of the U.S. armed forces killed or injured in terrorist attacks in Iraq and/or their estates); *Weinstock v. Abu Marzook*, No. 17-cv-23202 (RNS), 2019 WL 1470245, at *2 (S.D. Fla. Apr. 3, 2019) (concerning claims arising from the murder of a U.S. citizen abroad); *Weinstock v. Islamic Republic of Iran*, No. 17-cv-23272 (RNS), 2019 WL 1993778, at *1 (S.D. Fla. May 6, 2019) (same); *Bernath v. Am. Legion*, 704 F. App'x 917, 917 (11th Cir. 2017) (concerning claims by a U.S. national)). Thus, none of the R&R's cases informed the question of when a plaintiff must hold U.S. nationality under § 2333(a) or whether the requirement is jurisdictional.

*Second*, the R&R also incorrectly found that § 2333(a) lacks a clear jurisdictional

limitation. In particular, the R&R ignores the plain terms of § 2333(a) — which is suitably titled "Action and Jurisdiction" — that expressly require that an ATA plaintiff be a "national of the United States" at the time he or she is injured in order to invoke the jurisdiction of an "appropriate district court of the United States." 18 U.S.C. § 2333(a); *see also* Mot. to Vacate Mem. 42; Mot. to Vacate Reply 18. The R&R also does not address the Congressional Record or other authorities cited by PDVSA and its Subsidiaries that make clear that § 2333(a) is a jurisdictional provision. Specifically, Congress intended § 2333(a) to provide "jurisdiction over terrorist acts abroad against United States nationals." 137 Cong. Rec. 8143 (1991) (consideration of S.740 (The Antiterrorism Act of 1991)); *see also* Mot. to Vacate Mem. 43 (collecting other authorities); Mot. to Vacate Reply 18 (citing *Rosenberg v. Lashkar-e-Taiba*, No. 10 CV 5381, 2016 WL 11756917, at *14 (E.D.N.Y. July 5, 2016), R. & R., *adopted in relevant part by* 2017 WL 11647006 (E.D.N.Y. Mar. 31, 2017) (holding "no jurisdiction exists under the ATA" for claims brought by non-U.S. nationals)).

Further, even if § 2333 was not jurisdictional in nature, Plaintiff's failure to plead U.S. nationality at the time of injury still deprived the ATA court of jurisdiction. The R&R should have recognized this by its citation to *Bernath* (at 16), where failure to plausibly allege the elements of an ATA or RICO claim failed to invoke federal question jurisdiction. *See Bernath*, 704 F. App'x at 917 (dismissing ATA claim for lack of subject matter jurisdiction).

*Third*, contrary to Plaintiff's assertion, the R&R did not consider (or reject) any arguments regarding the ATA court's lack of personal jurisdiction that are "substantially similar" to arguments raised by PDVSA and its Subsidiaries here. Notice 3. To the contrary, the R&R held that "[t]he Stansells and Pescatores *lack standing* to challenge [Plaintiff's ATA default judgment] for lack of personal jurisdiction." R&R 20 (emphasis added). Specifically, the R&R held that the

3

Stansells and Pescatores lack third-party standing to assert the FARC's personal jurisdiction defense because "[t]heir relationship with [the] FARC . . . is entirely adversarial." R&R 21. As a result, the R&R held, the Stansells and Pescatores could not demonstrate the prudential standing requirement of "a close relationship to the injured party." R&R 20. Since it found the Stansells and the Pescatores lacked standing to raise the FARC's personal jurisdiction defense, it did not address the underlying merits of that argument. *See* R&R 20-22. The summary "conclusion" does not change that result. R&R 40. The R&R merely summarizes its earlier discussion, stating: "Caballero's ATA judgment is not void as a matter of law for lack of . . . personal jurisdiction." R&R 40. But even if the court purported to make an affirmative ruling on the personal jurisdiction question, it would be an improper advisory opinion in light of the R&R's clear holding that the Stansells and Pescatores lacked standing to raise that issue. *See Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (recognizing that federal courts may not issue advisory opinions to parties who lack standing).

In any event, the R&R's decision concerning the Stansells' and Pescatores' lack of standing has no bearing on the arguments asserted by PDVSA and its Subsidiaries. In stark contrast to the Stansells and Pescatores, PDVSA and its Subsidiaries have prudential standing to assert the ATA court's lack of personal jurisdiction because Plaintiff is seeking to hold them liable for the very judgment entered against the FARC absent personal jurisdiction. As previously discussed, Plaintiffs cannot argue on the one hand that PDVSA and its Subsidiaries should be responsible for the FARC's default judgment as though they were the FARC, while, on the other hand, argue that they are barred from raising the same jurisdictional defenses available to the defaulting party. *See* Mot. to Vacate Reply 17. Thus, unlike the Stansells and Pescatores, Plaintiff's theory of liability imbues PDVSA and its Subsidiaries with standing to assert that Plaintiff's ATA judgment is void

4

for lack of personal jurisdiction over the FARC.  *See* Mot. to Vacate Reply 17-22.

PDVSA and its Subsidiaries do not waive and expressly preserve all rights, defenses, privileges, and immunities, including without limitation as to subject matter and personal jurisdiction and service of process.

Dated:  April 27, 2022

Respectfully submitted,

By: *s/ Claire A. DeLelle*
Claire A. DeLelle
Nicole Erb
WHITE & CASE LLP
701 Thirteenth Street N.W.
Washington, D.C. 20005
(202) 626-6485
claire.delelle@whitecase.com
nerb@whitecase.com

Susan L. Grace
Daniel J. Grossbaum
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 819-7083
susan.grace@whitecase.com
dan.grossbaum@whitecase.com

*Counsel for Petroléos de Venezuela, S.A., Aceites y Solventes Venezolanos Vassa S.A., PDV Marina S.A., Petroanzoategui S.A. (a/k/a Petro San Felix S.A.), Venfleet Asphalt Ltd., Venfleet Ltd., and Venfleet Products Ltd.*