IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

ANTONIO CABALLERO,

*Plaintiff*,

v.

FUERZAS ARMADAS
REVOLUCIONARIAS DE
COLOMBIA, ET AL.,

*Defendants*.

Civil Case No. 20-MC-00040-LJV

## CABALLERO'S RESPONSE TO THE UNITED STATES OF AMERICA'S REPLY TO THE PARTIES' BRIEFS FILED IN RESPONSE TO THE UNITED STATES' STATEMENT OF INTEREST

The United States (the "executive branch") filed its Reply to the Parties' Briefs Filed in Response to the Statement of Interest on December 15, 2022. ECF No. 134. The Court has set a briefing schedule to which any reply by Caballero or PDVSA is due by January 6, 2023. *See* ECF No. 127.

The arguments made by Caballero in his response to the executive branch's statement of interest (ECF No. 132) remain unanswered and unrebutted. Neither the executive branch nor PDVSA has written any reasoned challenge to Caballero's position. *See* ECF No. 134. Among the unchallenged arguments is the principle that the position of the executive branch "with respect to the [Terrorism Risk Insurance Act of 2001("TRIA")] TRIA ***should be considered suspect***" *Levin v. Bank of N.Y. Mellon*, No. 09 CV 5900 (RPP) 2013 U.S. Dist. LEXIS 137399 at *95 n. 9 (S.D.N.Y. Sept. 23, 2013), *rev'd on other grounds by* No. 13-4711, 2015 U.S. App. LEXIS 7881 (2d Cir. May 11, 2015) (emphasis added). Remarkably, the executive branch did not take issue

1

with Caballero's summation of such observations by courts—because the executive branch could not.

On January 29, 2021, this Court entered a turnover judgment in favor of Caballero. ECF No. 35. For nearly two years, Caballero's collection effort has been stifled by both the executive branch and PDVSA, who aim to place arguments of foreign policy over the rights of a terrorism victim. Caballero has long been weary of any delay towards his collection efforts in this case and has repeatedly raised such concerns to this Court. Indeed, over a year and a half ago, this Court noted Caballero's concern in its Decision and Order filed on May 11, 2021. *See* ECF No. 78 fn 8 at 11 ("Caballero opposes the motion to substitute counsel not on the merits but because it would further delay his collection efforts."). Much of the delay was caused by the arguments tied to who the executive branch recognized as the President of Venezuela. It should now be noted that the interim government led Juan Guaido has been dissolved, and the 2015 National Assembly is the only remaining democratically elected institution in Venezuela which is recognized by the U.S. Government. U.S DEPT. OF STATE, DEPARTMENT PRESS BRIEFING–JANUARY 3, 2023, https://www.state.gov/briefings/department-press-briefing-january-3-2023/#post-408241 (Jan. 3, 2023). Given the latest turn of events, Caballero is weary that either the executive branch or PDVSA will again cause further delay by trying to embroil this Court into the internal politics of Venezuela, rather than established principles regarding the rights of TRIA judgment creditors.

Dated: January 6, 2023

Respectfully submitted,

*/s/ Joseph I. Zumpano*
Joseph I. Zumpano
Florida Bar Number: 0056091
Appearing Pro Hac Vice
E-mail address: jzumpano@zplaw.com
Leon N. Patricios
Florida Bar Number: 0012777
Appearing Pro Hac Vice
E-mail address: lpatricios@zplaw.com
Gabriela Rosell
Florida Bar Number: 0111735
Appearing Pro Hac Vice
E-mail address: grosell@zplaw.com


**ZUMPANO PATRICIOS & POPOK, PLLC**
134 East 38th Street
New York, New York 10016
Ph: (212) 542-2564
Fax: (212) 320-0332

Nicholas Rostow
Zumpano Patricios & Popok, PLLC
Email: nrostow@zplaw.com

***Attorneys for Plaintiff Antonio Caballero***

## CERTIFICATE OF SERVICE

We hereby certify that the foregoing document was filed this 6th day of January 2023 via

CM/ECF.

*/s/ Joseph I. Zumpano*
Joseph I. Zumpano

3