UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO CABALLERO,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP, a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA; and THE NORTE DE VALLE CARTEL,<br><br>　　　　　*Defendants*. | Case No.: 1:20-mc-00040-LJV |

**PETRÓLEOS DE VENEZUELA, S.A. AND ITS SUBSIDIARIES'
RESPONSE TO PLAINTIFF'S PURPORTED NOTICE OF VOLUNTARY DISMISSAL**

PDVSA and its Subsidiaries ("PDVSA Parties") hereby respond to Plaintiff's purported "Notice of Voluntary Dismissal Without Prejudice" (ECF No. 139) ("Notice"), filed on Saturday, July 1, a mere three business days ahead of oral argument on the PDVSA Parties' Motion to Quash Writs of Execution and Vacate Turnover Judgment (ECF No. 85) ("Motion to Vacate"). The PDVSA Parties acknowledge and appreciate the Court interrupting its holiday weekend to inform the parties on Sunday, July 2, of the conversion of the upcoming in-person oral argument to a Zoom status conference. The PDVSA Parties now submit this response to help frame the issues for the Court and the parties in advance of that upcoming status conference.

The Notice is procedurally and legally defective and is the product of Plaintiff's blatant gamesmanship and forum-shopping. The PDVSA Parties nevertheless agree to the vacatur relief to which Plaintiff states he "does not object," provided that such vacatur relief is granted *with prejudice* for all the reasons stated below. Notice at 2. On July 1, undersigned counsel emailed Plaintiff's counsel to advise that the Notice was defective and that the PDVSA Parties intended to

raise the matter with the Court unless the parties could reach an agreement to jointly move for vacatur and dismissal *with prejudice* pursuant to Rules 41(a)(2) and 60(b)(5) of the Federal Rules of Civil Procedure. Plaintiff's counsel rejected that proposal.

Plaintiff should additionally be required to pay costs and fees of these proceedings pursuant to Federal Rules of Civil Procedure 41(a)(2) and 11(c)(3), 28 U.S.C. § 1927, and the Court's inherent powers for all the reasons stated below.

1.  Plaintiff cannot invoke Rule 41(a)(1)(A)(i) to voluntarily dismiss, without prejudice, these purported post-judgment execution proceedings. Rule 41(a)(1)(A)(i) only permits a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added). The writs against the assets held at M&T Bank and Citibank have not only been answered, but are subject to a substantive *ex parte* order determining liability and, for the assets held by M&T Bank, a default Turnover Judgment. Thus, Plaintiff's contention that "no party has filed an answer or motion for summary judgment" is factually and legally wrong. Notice at 1 n.1.

2.  As Plaintiff stated in his motion for turnover, "M&T Bank has answered the Writ of Execution." ECF No. 23 at 3; *see* ECF No. 23-5 (M&T Bank's Ans.). And Plaintiff concedes in his Notice that Citibank has likewise responded to the writ. Notice at 2. Accordingly, this action may be dismissed "only by court order, 'on terms that the court considers proper.'" *United States v. $7,877.61*, 2016 WL 5078380, at *2 (W.D.N.Y. Sept. 20, 2016) (quoting Fed. R. Civ. P. 41(a)(2)).

3.  Similarly, Plaintiff has already filed *three* motions that are functionally motions for summary judgment, additionally precluding resort to Rule 41(a)(1)(A)(i). Plaintiff first moved for

an order designating PDVSA to be an "agency or instrumentality" of the FARC under § 201(a) of the Terrorism Risk Insurance Act ("TRIA") and authorizing a writ of attachment as to the assets at M&T Bank. ECF No. 10. Plaintiff filed with that motion, among other things, two declarations from a purported expert. ECF Nos. 10-3, 10-4. In PDVSA's absence, the Court granted that motion. ECF No. 15. Plaintiff then moved for a similar order as to the Subsidiaries and Venezuela's central bank and finance ministry and their assets at Citibank, again relying on the purported-expert declarations. ECF No. 22. The Court granted that motion *ex parte*. ECF No. 33. Finally, Plaintiff moved for turnover judgment as to the assets at M&T Bank, which the Court entered as a default Turnover Judgment. ECF Nos. 23, 35. Plaintiff filed with that motion affidavits of purported service, "M&T's Answer to Writ of Execution," "M&T's redacted production in response to subpoena," and an attorney declaration. ECF No. 23.

4. Under Second Circuit precedent, Plaintiff may not voluntarily notice a dismissal in view of his motions and the orders of the Court. *See Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 286 (2d Cir. 1989) (holding filing of motion to dismiss that included reference to materials outside the pleadings "extinguished" "the right to voluntary dismissal") (citing *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953)). The advanced stage of these proceedings presents the kind of "extreme" circumstances "exemplified by *Harvey Aluminum*" that "warrant terminating [P]laintiff's right to dismiss" under Rule 41(a)(1)(A)(i). *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979). Plaintiff has obtained two *ex parte* "agency or instrumentality" orders, writs, and a default Turnover Judgment; the PDVSA Parties' Motion to Vacate "has 'squarely raised' the 'merits of the controversy' for the [C]ourt's evaluation at an 'advanced stage' of the case." *Poparic v. Jugo Shop*, 2010 WL 1260598, at *6 (E.D.N.Y. Mar. 31, 2010) (holding voluntary dismissal without prejudice was not effective when it was sought "three business days

3

before the objections period expired because, as plaintiff admits, he was not pleased with the court's R & R" as to his motion for default judgment); *see also Trs. of Metal Polishers Loc. 8A-28A Funds v. Nu Look Inc.*, 2020 WL 5793204, at *5-6 (E.D.N.Y. Sept. 29, 2020) (collecting cases).

5. Permitting Plaintiff to voluntarily dismiss these proceedings *without prejudice* would also undermine the policy and purpose of Rule 41(a)(1)(A)(i), which was implemented to "limit a plaintiff's ability to dismiss an action" and "curb abuses" under prior rules that "allowed dismissals or nonsuits as a matter of right until the entry of the verdict." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990). Plaintiff's purported Notice — seemingly filed to avoid a ruling by this Court in favor of a ruling by another court in one of Plaintiff's parallel actions — is precisely the kind of abusive tactic this Court should not condone.

6. Plaintiff contends (Notice at 2) that "any proceedings related to [the Citibank] accounts will be adjudicated" in the Southern District of New York and not the Western District of New York because Plaintiff has a dueling writ issued from that court. *See* Mot. for Writ of Execution ¶ 5, *Caballero v. FARC*, No. 1:20-mc-249 (S.D.N.Y. Feb 9, 2021), ECF No. 24. But Plaintiff has not prosecuted that action in respect of the Citibank writ since he obtained the order issuing that writ in March 2021 (S.D.N.Y. ECF No 51).

7. Now, just *three business days* before the long-scheduled oral argument on the PDVSA Parties' Motion to Vacate, and after more than two-and-a-half years of proceedings before this Court, Plaintiff has suddenly announced that he prefers that this Court not decide the fate of the Citibank writ, and that such task should fall to the Southern District of New York instead. This is an astonishing and brazenly tactical ploy, particularly because Plaintiff attempted a similar stunt the day before the United States was scheduled to inform the Court whether the United States

4

intended to file a brief expressing its views in this action. In that instance, Plaintiff unsuccessfully moved to stay these proceedings in favor of the *In re: 9/11* TRIA proceedings as to the assets of the Afghan central bank in the Southern District of New York. *See* ECF No. 111; *see also* ECF No. 118 at 5 (denying stay and noting that "Caballero's motion for a stay . . . is at odds with his repeated requests for alacrity in this action"). These are the same proceedings that gave rise to the Second Circuit appeal referenced in Plaintiff's Notice. *See* Notice at 2 (citing *Havlish v. Islamic Emirate of Afghanistan*, No. 23-258 (2d Cir.)).

8. Further underscoring Plaintiff's transparent attempt at forum-shopping, Plaintiff used the pendency of the PDVSA Parties' Motion to Vacate to obtain a stay of similar proceedings in the Southern District of Texas. *See* Mot. to Stay at 4, *Caballero v. FARC*, No. 4:21-cv-1668 (S.D. Tex. Jul. 19, 2021), ECF No. 38 (seeking a stay that was ultimately granted over PDVSA's opposition because "Judge Vilardo is poised to adjudicate the same central issue before" the Texas federal court).

9. Finally, Plaintiff's proffered reason for his last-minute filing of the Notice — the June 30 filing of plaintiffs-appellants' briefs in the *Havlish* appeal — is not credible. *See* Notice at 2. Plaintiff has known about that appeal since it was docketed on February 28, 2023, and the briefing schedule was entered on April 5, 2023. *See Havlish*, ECF Nos. 1, 58. And the PDVSA Parties brought the Magistrate Judge's Report & Recommendation and the District Court's decision in that district court case to this Court's attention on October 31, 2022 and March 6, 2023, respectively. *See* ECF No. 131 at 10; ECF No. 136. So Plaintiff's invocation of the long-scheduled filing of the plaintiffs-appellants' brief in that appeal is a wholly contrived basis to try to pull the plug on these proceedings in favor of the Southern District of New York.

10. Given Plaintiff's newfound desire to abandon these proceedings in favor of the

Southern District of New York, and the associated gross waste of judicial and party resources, the PDVSA Parties respectfully submit that the appropriate course of action for this Court at this juncture is as follows:

    a. Vacate *with prejudice* pursuant to Rule 60(b)(5) the following:

        i. December 18, 2020 Decision & Order (ECF No. 15) finding PDVSA to be an "agency or instrumentality" of the FARC;

        ii. January 29, 2021 Decision & Order (ECF No. 33) finding the PDVSA Subsidiaries, the Banco Central De Venezuela, and the Ministerio del Poder Popular de Economía y Finanzas to be "agencies or instrumentalities" of the FARC;

        iii. Default Turnover Judgment (ECF No. 35);

        iv. Writ of Execution directed to M&T Bank regarding PDVSA; and

        v. Writ of Execution directed to Citibank, N.A. regarding the PDVSA Subsidiaries, the Banco Central De Venezuela, and the Ministerio del Poder Popular de Economía y Finanzas;

    b. Dismiss *with prejudice* Plaintiff's claims pursuant to Rule 41(a)(2) and mark this case as "Terminated" as to PDVSA, its Subsidiaries, the Banco Central De Venezuela, and the Ministerio del Poder Popular de Economía y Finanzas;[1] and

    c. Award the PDVSA Parties their costs and attorneys' fees associated with defending these proceedings, including the preparatory time for the oral argument and any expenses they might incur in canceling travel and

---

[1] Undersigned counsel do not represent the Banco Central De Venezuela, and the Ministerio del Poder Popular de Economía y Finanzas but include these entities to track the relief proposed in Plaintiff's purported Notice of Voluntary Dismissal.

accommodation for the argument, and such other relief as the Court may deem appropriate.

Dated:  July 2, 2023

Respectfully submitted,

By: _s/ Claire. A. DeLelle_
Claire A. DeLelle
Nicole Erb
Benedict S. Bernstein
**WHITE & CASE LLP**
701 Thirteenth Street N.W.
Washington, D.C. 20005
(202) 626-6485
claire.delelle@whitecase.com
nerb@whitecase.com
benedict.bernstein@whitecase.com

*Counsel for Petróleos de Venezuela, S.A., Aceites y Solventes Venezolanos Vassa S.A., PDV Marina S.A., Petroanzoategui S.A. (a/k/a Petro San Felix S.A.), Venfleet Asphalt, Ltd., Venfleet, Ltd., and Venfleet Products, Ltd.*