UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

CASE NO: 1:20-mc-00040-LJV

ANTONIO CABALLERO,

    Plaintiff,

vs.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA, a/k/a
FARC-EP a/k/a REVOLUTIONARY ARMED
FORCES OF COLOMBIA; and THE NORTE
DE VALLE CARTEL,

    Defendants.
_____/

## ANTONIO CABALLERO'S REPLY REGARDING NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

As is now their standard practice, PdVSA and its Subsidiaries (the "PdVSA Parties"), which have been ***sanctioned*** by the United States government and which have assets that ***remain blocked***, continue to chastise Plaintiff Antonio Caballero ("Caballero") for seeking an efficient adjudication of this matter. Instead of accepting Caballero's Notice of Voluntary Dismissal Without Prejudice ("Notice of Dismissal") (ECF No. 139), the PdVSA Parties ask this Court (which they claim has no subject matter jurisdiction) to issue an adjudication on the merits and enter a dismissal with prejudice. The PdVSA Parties demand this Court to do so ***before*** the Second Circuit decides relevant issues that were squarely put before the Second Circuit through briefs filed on June 30, 2023. The PdVSA Parties' approach is plainly inefficient as it will create the unnecessary appeal of any dismissal with prejudice.

Caballero appreciates this Court's communication to the parties on Sunday, July 2, 2023 that notified the parties of the Court's conversion of the hearing scheduled for July 7, 2023 to a

1

status conference.  Because Caballero believes that the PdVSA Parties' July 2, 2023 Response (ECF No. 140) does not properly "frame the issues for the Court," Caballero provides a brief reply.

### A. Caballero Filed His Dismissal <u>One</u> Day After the Relevant Issues were "Perfected" in an Appeal to the Second Circuit

The PdVSA Parties lambaste Caballero for filing his Notice of Dismissal a few days in advance of this Court's July 7, 2023 hearing.  In doing so, the PdVSA Parties wholly ignore the import of the appellant's briefs filed on the night of June 30, 2023 in the Second Circuit.  Until the appellant's briefs were filed, Caballero had no way of confirming that the principal issues before this Court had been properly raised and argued to the Second Circuit.  Without such confirmation, Caballero would have needed to proceed before this Court in order for the issues to be raised with the Second Circuit by the losing party before this Court.

In paragraph 9 of their response, the PdVSA Parties concede the relevance of the *Havlish* appeal to the Second Circuit.  In their October 31, 2022 filings, Caballero and the PdVSA Parties both informed this Court of the Magistrate Judge's Report and Recommendation in the *Havlish* case "addressing many of the issues before this Court." ECF No. 132 at 7-8 n.6; ECF No. 131 at 10.  The Government filed similar Statements of Interest before the district courts in both the *Havlish* case and this matter. Thereafter, the PdVSA Parties filed the district court's Memorandum Decision and Order as supplemental authority. ECF No. 136-1.

Although the *Havlish* appeal was docketed in February 2023, it was not until the appellant's briefs were filed the evening of June 30, 2023 that Caballero could be sure that the appellants had "perfected" their appeal of the issues of concern to Caballero by briefing such issues to the Second Circuit.  *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (holding that "pursuant to Rule 28(a) we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief.") (citing *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993)).   Although

Caballero's motives for filing his Notice of Dismissal are not relevant (per the Second Circuit as discussed below), Caballero's Notice of Dismissal was not filed untimely or in bad faith, but was instead rapidly filed on a Saturday—after receiving and reviewing the *Havlish* briefs filed on a Friday night.

### B. Caballero is Not Forum Shopping

Waiting for a ruling from the Second Circuit is not forum shopping. Whether this Court has subject matter jurisdiction over PdVSA, absent a judgment entered against PdVSA pursuant to the provisions of the FSIA, is an issue squarely before the Second Circuit. The answer to the subject matter jurisdiction question is also relevant to the personal jurisdiction, service of process, and TRIA issues before this Court.

If the Second Circuit rules that a terrorism victim must first obtain a judgment against the agency or instrumentality of a state under the FSIA in order to proceed with a TRIA collection action based on a judgment against a non-state terrorist, then Caballero would need to, if possible, obtain a FSIA judgment against PdVSA in order to proceed with his TRIA collection action. If the Second Circuit rules that an agency or instrumentality of a state under the FSIA can be the subject of a TRIA collection action based on a judgment against a non-state terrorist, then Caballero would need to refile his action regarding the M&T accounts in the Western District of New York, noting that the new filing is related to this case.

With regard to the Subsidiaries, Caballero is litigating in the proper forum. Caballero initially sought and obtained agency or instrumentality determinations and writs of execution from this Court based on information received from Citibank that led Caballero to believe that the Subsidiaries' assets were being held by Citibank within the territorial jurisdiction of this Court. Thereafter, counsel for Citibank informed counsel for Caballero that the relevant bank accounts were being held within the territorial jurisdiction of the Southern District of New York. Indeed,

the PdVSA Parties previously noted as much for this Court in its opposition (ECF No. 115 at 10) to Caballero's Motion to Stay.

### C. The Notice of Dismissal is not Legally Defective

Even though Caballero's Notice of Dismissal provides the PdVSA Parties with the very relief they have sought—vacating the agency or instrumentality determinations, vacating the writs of execution, and vacating the turnover judgment, the PdVSA Parties object to Caballero's Notice of Dismissal. The PdVSA Parties complain that Caballero has no right to dismiss this post-judgment proceeding. Caballero disagrees based on Second Circuit precedent—cited by the PdVSA Parties—and discussed below. But all parties agree that this Court has the power to take the actions specified by Caballero in his Notice of Dismissal and dismiss this case without prejudice,[1] rendering the PdVSA Parties' arguments irrelevant should the Court decide that an order from the Court is necessary.

Rule 41, Fed. R. Civ. P. is applicable to "Dismissal of Actions." Although Rule 41, Fed. R. Civ. P. does not specifically address post-judgment enforcement proceedings, this post-judgment proceeding is an "action"; therefore, not having found any authority to the contrary, Caballero cited to Rule 41, Fed. R. Civ. P. Rule 41(a)(1)(A)(i), Fed. R. Civ. P. provides that a plaintiff may dismiss an action without a court order by filing: "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . ." The plain language of Rule 41(a)(1)(A)(i), Fed. R. Civ. P., cited by Caballero, does permit him voluntarily to dismiss

---

[1] The text of Rule 41, Fed. R. Civ. P. leaves little doubt that dismissals without prejudice are the default norm as the Rule requires dismissals with prejudice to be specifically noted by the parties in their stipulations (Rule 41(a)(1)(B)) or by the Court in its order (Rule 41(a)(2)), unless the plaintiff previously dismissed an action on the same claim.

4

this action because no answer or motion for summary judgment has been filed by an opposing party.

The PdVSA Parties argue that Caballero's Notice of Dismissal is defective because: (i) M&T Bank and Citibank have answered the writs; (ii) Caballero has sought and obtained relief that is the functional equivalent of a summary judgment; (iii) a default judgment has been entered; and (iv) the post judgment proceedings are too "advanced" to be voluntarily dismissed. None of the PdVSA Parties' arguments has any merit.

It is apparent that neither M&T Bank nor Citibank is an opposing party. Both are garnishees. Neither M&T Bank nor Citibank has filed an appearance in this action through counsel; therefore, neither has, nor could have, taken any position "opposing" Caballero. M&T Bank has provided Caballero with a response to the writ of execution, which Caballero filed on the record. ECF No. 23-5. Citibank did not provide Caballero with any formal response because its counsel indicated that the blocked assets were located within the territorial jurisdiction of the Southern District of New York. Thus, even if the banks could be considered opposing parties, and they are not, neither has filed an appearance nor an answer.

The PdVSA Parties argue that Caballero's motions seeking agency or instrumentality status and his motion seeking and then obtaining a turnover judgment further preclude Caballero from dismissing this proceeding without a Court order because such motions were the "functional equivalent" of a motion for summary judgment. The Rule precludes a plaintiff from filing a voluntary dismissal if ***an opposing party*** has filed a motion for summary judgment. Caballero is obviously not an opposing party; therefore, any motion that the PdVSA Parties may argue is the "functional equivalent" of a motion for summary judgment simply does not trigger any prohibition under the Rule.

The PDVSA Parties further argue that these post-judgment proceedings are at an "advanced stage" with Caballero already having obtained a turnover judgment. The PdVSA Parties' pending motion to vacate, however, utterly refutes their argument. According to the PdVSA Parties, the most basic and preliminary issues are before this Court: (i) subject matter jurisdiction; (ii) personal jurisdiction; (iii) service of process; and (iv) application of a federal statute (TRIA) to the PdVSA Parties. Although it is true that Caballero has a turnover judgment, the PdVSA Parties (as they like to highlight) did not participate in that phase of the case and so can hardly call the case "advanced."

The Second Circuit has been clear. Plaintiffs who have not been served with an answer or summary judgment motions have "an unfettered right voluntarily and unilaterally to dismiss an action." *Wolters Kluwer Fin. Servs. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (citing *Thorpe v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979)). Indeed, if the plaintiff meets the requirements of Rule 41, the Second Circuit has noted that "his reasons for wanting to do so are not for us to judge"—including whether the plaintiff is pleased with its prospects in court. *Id.* The PdVSA Parties cannot overcome the Second Circuit's strong pronouncements on this issue. Indeed, the cases cited by the PdVSA Parties are of no assistance to their arguments, and one case illustrates exactly why the PdVSA Parties' arguments are simply wrong.

The PdVSA Parties cite *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 107 (2d Cir. 1953), an opinion in which the Second Circuit ruled that the plaintiffs did not have a right voluntarily to dismiss their action. In that case, even though an answer or summary judgment motion had not been filed, the following had occurred: (i) adjudication of a motion for injunctive relief in which the Court, after considering the evidence, made a finding as to the plaintiff's chances of success at the ultimate trial; (ii) filing of a notice of appeal from the denial of the

6

injunction; (iii) filing of an amended complaint; and (iv) denial of a stay pending appeal. Thus, in *Harvey Aluminum, Inc.*, the court had considered, in the adversarial context, the merits of each side's position and ruled on the merits through the denial of a request for injunctive relief. Here, the Court is still facing preliminary issues regarding its jurisdiction even to hear the matter.

Indeed, in *Thorpe v. Scarne*, 599 F.2d 1169 (2d Cir. 1979), cited by the PdVSA Parties, the Second Circuit declined to apply *Harvey Aluminum, Inc.*—noting that the opinion had "not been well received"—even by other panels of the Second Circuit. *Id.* at 1175. Refusing to apply *Harvey Aluminum, Inc.*, the Second Circuit quoted favorably from *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963):

> Rule 41(a)(1)(i) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a Notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.

*Thorpe*, 599 F.2d at 1176. In *Thorpe*, the Second Circuit concluded as follows:

> Obviously, Rule 41(a)(1)(i) dismissals will no longer be self-executing, as intended, if there is to be frequent judicial intervention for the purpose of determining whether the "equivalent" of an answer or a motion for summary judgment has been served or for the purpose of weighing whether the merits have been sufficiently considered by the court to warrant terminating the plaintiff's right to dismiss the proceedings. We hold, therefore, that at least in cases falling short of the extreme exemplified by Harvey Aluminum, notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur.

*Id.* The above reasoning of the Second Circuit is applicable here. If the opposing party has not yet filed an answer (the PdVSA Parties have not done so), and the opposing party has not filed a motion for summary judgment (the PdVSA Parties have not done so), the plaintiff's notice of

7

dismissal is self- effectuating and there is "nothing the defendant can do to fan the ashes of that action into life . . . ." *Id.* at 1176. Instead of merely accepting the dismissal without prejudice of this action, like the defendant whose arguments were rejected by the Second Circuit in *Thorpe*, the PdVSA Parties ask this Court to determine whether the "equivalent" of a summary judgment has been filed or whether the case has progressed to an "advanced" stage—when neither analysis is contemplated by Rule 41.

The remaining cases cited by the PdVSA Parties are not on point.[2] In *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 286 (2d Cir. 1989), the Second Circuit held that a pending motion to dismiss, which referenced materials outside of the complaint, was the equivalent of a motion for summary judgment. The PdVSA Parties' motion to vacate is not the equivalent of a motion for summary judgment simply because it referenced materials outside of the four corners of the complaint. Indeed, a motion to vacate a judgment is the polar opposite of a motion for summary judgment.

### D. The Request for an Award of Fees and Costs is Baseless

The PdVSA Parties request for an award of attorneys' fees and costs is simply made to threaten the victim of terrorism—a callous move. There is no basis for any such award under Rules 11 or 41(a)(2) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or pursuant to this

---

[2] In *Poparic v. Jugo Shop*, No. 08-CV- 2081, 2010 U.S. Dist. LEXIS 31385 (E.D.N.Y. Mar. 31, 2010), the court rejected a voluntary dismissal filed after a Magistrate Judge's report and recommendation had been entered, but before the court's review of same so that the court could review and adopt the report and recommendation. *Id.* at *30. No such circumstance exists here. *See Trs. Of the Metal Polishers Local 8A-28A Funds v. NU Look Inc.*, No. 18-CV-3816, 2020 U.S. Dist. LEXIS 178824 (E.D.N.Y. Sept. 29, 2020) (rejecting a voluntary dismissal filed after a report and recommendation but before the court's review of the report and recommendation and objections to same).

Court's inherent powers. Indeed, the PdVSA Parties' one sentence "argument" establishes the baselessness of the request.

**DATED this 3rd day of July, 2023.**

>Respectfully Submitted
>
>**ZUMPANO PATRICIOS, P.A.**
>312 Minorca Avenue
>Coral Gables, FL 33134
>Tel. (305) 444-5565
>
>*/s/ Leon N. Patricios*
>Joseph I. Zumpano
>Florida Bar Number: 0056091
>*Appearing Pro Hac Vice*
>E-mail address: jzumpano@zplaw.com
>Leon N. Patricios
>Florida Bar Number: 0012777
>*Appearing Pro Hac Vice*
>E-mail address: lpatricios@zplaw.com
>Gabriela Rosell
>Florida Bar Number: 0111735
>*Appearing Pro Hac Vice*
>E-mail address: grosell@zplaw.com
>
>
>**ZUMPANO PATRICIOS & POPOK, PLLC**
>134 East 38th Street
>New York, New York 10016
>Ph: (212) 542-2564
>Fax: (212) 320-0332
>
>Nicholas Rostow
>Zumpano Patricios & Popok, PLLC
>Email: nrostow@zplaw.com
>
>***Attorneys for Plaintiff Antonio Caballero***

## **CERTIFICATE OF SERVICE**

We hereby certify that the foregoing document was filed this 3rd day of July 2023 via CM/ECF.

*/s/ Leon N. Patricios*
Leon N. Patricios